STATE ex rel. JANE A. PHILLIPS and Others v. B. F. WEBBER.[1]

December 1, 1905.

Nos. 14,672—(233).

**Construction of Statute.**

    The general rule that a proviso to a statute relates only to the para-graph which immediately precedes it has no application to cases where it clearly appears that the proviso was intended to apply to the whole statute.

**Disqualification of Judge:**

    Chapter 306, p. 720, Laws 1895, providing that any judge of the district court may be disqualified to try any particular action by making and filing an affidavit of prejudice against him, construed, and *held*, that the last proviso thereof relates to the whole statute, and excludes from its operation all judicial districts having less than three judges.

Application in the supreme court for a writ of mandamus directed to the judge of the district court for the county of Redwood. The facts are stated in the opinion. Writ denied.

*Fred B. Phillips* and *Ernest S. Cary,* for relators.

*Somerville & Olsen,* for respondent.

START, C. J.

    This, liberally construed, is a petition, brought on for hearing by an order to show cause, for a peremptory writ of mandamus directing the respondent, as judge of the district court of Redwood county and of the Ninth judicial district, to secure the services of some other judge to preside at the trial of the case of Knud E. Mo et al. v. Jane A. Phillips et al., pending in such court. The relators made and filed an affidavit of prejudice on the part of the respondent in the case, claiming the right to do so under the provisions of Laws 1895, p. 720, c. 306. The respondent, as such judge, ruled to the effect that the statute had no application to the Ninth judicial district, which has but one judge, and for that reason refused to grant any relief to the relators based upon their affidavit of prejudice. Was the ruling correct? An answer to this question involves a construction of the statute, which provides:

1 Reported in 105 N. W. 68.

Section 1. Whenever in any civil action pending in a district court of this state, any party to the action shall, not less than six days before the first day of the term at which said action is noticed for trial make and file with the presiding judge and serve on the opposite party or his attorney, an affidavit stating that on account of prejudice or bias on the part of said presiding judge he has good reason to believe and does believe that he cannot have a fair trial of said action, said presiding judge shall forthwith secure the services of some other judge of the same or another district to preside at the trial of said action, and said action shall be continued on the calendar until some other judge can be secured to preside at said trial. On making and filing with the presiding judge such an affidavit by the defendant in a criminal action not less than two days before the expiration of the time allowed to him by law to prepare for trial, some other judge shall likewise be secured to preside at the trial of said action and said presiding judge shall in either of such cases be incapacitated to try said action; provided, if the judge against whom said affidavit is filed in a criminal action shall so order the place of trial of said action may be changed to another county or judicial district so as to secure a speedy trial before another judge.

Provided, that in districts having more than one judge the affidavit above provided for may be filed within one day after it is ascertained which judge is to preside at the trial.

Provided, that this act shall not apply to any judicial district in this state having less than three (3) district judges. (Laws 1895, c. 306.)

It is to be noted that the statute provides: First, that in any civil action pending in a district court of the state the presiding judge of the court in which the action is pending may be disqualified to try it and required to secure the services of some other judge to preside at the trial of the cause by simply making and filing an affidavit of prejudice on his part; second, that the presiding judge in a criminal action may also be disqualified by making and filing such an affidavit. That is, the section contains two paragraphs. The first relates to the procedure

for disqualifying a judge in a civil action, and the second to the procedure in a criminal action. The last proviso, however, declares that the act shall not apply to any judicial district having less than three judges. The relators attempted to disqualify the respondent in the action referred to by filing an affidavit of prejudice by virtue of the first paragraph of the statute.

It is claimed on the part of the respondent that the relators, in the steps taken by them, wholly failed to comply with the requirements of the statute, and, further, that the provisions of the statute have no application to a judicial district having less than three judges. We find it necessary to consider only the last contention. Whether the first paragraph of the statute applies to all of the district courts of the state depends upon the effect to be given to the last proviso of the act. It is a general rule that a proviso to a statute relates only to the paragraph which immediately precedes it, but the rule has no application to cases where it clearly appears that the proviso was intended to apply to the whole statute. 26 Am. & Eng. Enc. 679; 2 Sutherland, St. Const. § 351. Now, if there were any good reasons why the proviso should apply to criminal actions as provided in the paragraph next preceding it, and not to civil actions as provided in the first paragraph, then it might be conceded that the proviso would fall within the general rule, and would only apply to criminal actions.

It is, however, reasonably clear from the whole statute that the delays and abuses which would result from extending its provisions to judicial districts having less than three judges would be as great in civil actions as in criminal actions, perhaps greater by reason of the greater number of civil actions. There is no apparent reason, then, for not extending the proviso to the whole act. On the contrary there are good reasons why it should be. Again, the clear and broad terms of the proviso, considered in connection with its history, as stated in State v. Gardner, 88 Minn. 130, 92 N. W. 529, indicate an undoubted intention on the part of the legislature that the provisions of the statute should not be inflicted upon judicial districts having less than three judges. The case of State v. Gardner, supra, which is relied upon by the relators is not here in point, for the question in that case was whether or not a defendant in a criminal action pending in a judicial district having six judges could disqualify more than one of them by an

affidavit of prejudice. The very purpose of referring in that case to the history of the last proviso was to indicate the proper construction of the part of the statute relating to criminal actions as it stood before the proviso was added, the office of which was to remove judicial districts having less than three judges from the operation of the statute, leaving all other judicial districts subject to the provisions of the statute as it read before the proviso was added.

We hold that the last proviso applies to the whole statute, and excludes from its operation all judicial districts having less than three judges. It follows that the ruling of the learned trial judge was correct, and that the order to show cause must be discharged.

So ordered.