STATE EX REL. CARL OLSON v. W. A. SCHULTZ.[1]

June 25, 1937.

No. 31,452.

See 194 Minn. 280, 260 N. W. 227, 261 N. W. 476; 196 Minn. 56, 263 N. W. 908; 197 Minn. 441, 267 N. W. 425.

*Albert Mohn* and *A. J. Rockne,* for relator.

*Arthur E. Arntson,* for respondent.

[1]Reported in 274 N. W. 401.

PER CURIAM.

Petition for a writ of prohibition restraining the Honorable W. A. Schultz, one of the judges of the first judicial district, from hearing or trying a certain action pending in said court between relator as plaintiff and Fred G. and Bertha R. Heise as defendants.

There are two judges in the first judicial district, the Honorable Charles P. Hall and the Honorable W. A. Schultz. Shortly after the commencement of the action pending in that district between relator and the Heises, counsel for the latter filed an affidavit of prejudice against Judge Hall as permitted by 3 Mason Minn. St. 1936 Supp. § 9221. Judge Hall promptly referred the case to Judge Schultz, before whom it was tried. A verdict was rendered in favor of plaintiff, relator herein, but upon motion the verdict was set aside by Judge Schultz and judgment ordered in favor of the Heises. This judgment was reversed on appeal to this court. Olson v. Heise, 194 Minn. 280, 260 N. W. 227, 261 N. W. 476. Defendants then moved for a new trial, and this motion was granted by Judge Schultz. Within the time required by statute, plaintiff caused an affidavit of prejudice to be filed against Judge Schultz, who refused to transfer the case to another judge; hence this proceeding.

Respondent questions the right of relator to a writ of prohibition, claiming that relator has an adequate remedy by appeal. That question has been decided adversely to respondent's contention. State ex rel. Decker v. Montague, 195 Minn. 278, 262 N. W. 684; State ex rel. Peterson v. Enersen, 197 Minn. 391, 267 N. W. 218; State ex rel. Thompson v. Day, 200 Minn. 77, 273 N. W. 684.

Respondent also contends that Judge Hall, having been disqualified by the action of the Heises, relator is now foreclosed from disqualifying Judge Schultz by the filing of an affidavit of prejudice. We do not so construe 3 Mason Minn. St. 1936 Supp. § 9221. It is true that this court has construed § 9221 to mean that a litigant is entitled as a matter of strict legal right to but one change of judges. State v. Gardner, 88 Minn. 130, 92 N. W. 529. But that does not mean that the other party to the action

may not file an affidavit of prejudice to disqualify the substituted judge. That part of § 9221 applicable reads as follows:

"Any party to a cause pending in a district court having two or more judges, within one day after it is ascertained which judge is to preside at the trial thereof, or at the hearing of any motion, order to show cause, or argument on demurrer, may make and file with such judge and serve on the opposite party an affidavit stating that, on account of prejudice or bias on the part of such judge, he has good reason to believe, and does believe, that he cannot have a fair trial or hearing thereof, and thereupon such judge shall forthwith secure some other judge of the same or another district to preside at the trial of such cause or hearing of the motion, demurrer or order to show cause, and shall continue the cause on the calendar, until such judge can be present."

It is to be noted that the judge against whom an affidavit is filed shall secure a judge of the same or another district to preside at the trial. If it were otherwise the statute would be ineffective so far as this controversy is concerned, as the only other judge in the district had already been disqualified.

The construction of a statute should be sensible. We therefore hold that the statute means that when a litigant timely files an affidavit of prejudice against a resident judge in a judicial district having two or more judges, in accordance with § 9221, if there are other available judges in the district he shall forthwith refer the case to one of such available judges. If there is no other qualified judge, the judge against whom the affidavit is filed shall forthwith refer the case to a judge of another judicial district for trial or hearing upon any motion, demurrer, or order to show cause as the case may be. We believe such procedure to be that contemplated by the legislature and to be conducive to orderly practice.

■ We dismiss the assertion of respondent's counsel that the relator, by serving and filing the supplemental pleadings after serving and filing the affidavit of prejudice waived his right to rely upon his claim of disqualification as being without merit. The

pleadings are necessary and are the same regardless of the judge before whom the case is to be tried.

Upon the showing made, a writ of prohibition should be granted, and it is so ordered.