## STATE EX REL. CHARLES L. NICHOLS v. WILLIAM A. ANDERSON.[1]

January 30, 1940.

No. 32,436.

A. M. Cary and *Philip J. Stern,* for relator.

R. S. *Wiggin,* City Attorney, and *Palmer B. Rasmusson,* Assistant City Attorney, for respondent.

[1]Reported in 289 N. W. 883.

PER CURIAM.

Relator, arrested and arraigned before respondent, a judge of the municipal court of the city of Minneapolis, upon a complaint charging him with wrongfully and unlawfully maintaining a gambling house within said city, pleaded not guilty and thereupon seasonably filed and served an affidavit of prejudice against respondent, in a form prescribed by 3 Mason Minn. St. 1938 Supp. § 9221. Respondent, being of the opinion that said section does not apply to the municipal court of the city of Minneapolis, disregarded the affidavit. Relator petitions this court for a writ of prohibition.

In terms, § 9221 refers only to actions pending in district court. But relator contends that this provision in Sp. L. 1889, c. 34, § 2, creating the municipal court of Minneapolis, makes § 9221 applicable to actions or proceedings therein pending:

"Where no provision is otherwise made in this act, said municipal court is vested with all the powers which are possessed by the district courts of the state, and all laws of a general nature apply to said municipal court, so far as the same can be made applicable, and not inconsistent with the provisions of this act, and the jurisdiction of said court shall be co-extensive and with the limits of said Hennepin County."

The original legislation to disqualify a judge by the filing of an affidavit of prejudice was L. 1895, c. 306, six years after the Minneapolis municipal court act. State v. Gardner, 88 Minn. 130, 92 N. W. 529; State ex rel. Phillips v. Webber, 96 Minn. 348, 105 N. W. 68. It is also to be noted that by § 7 of the court act:

"Its judge shall be the chief magistrate of the city, and shall see that the criminal laws of the state, and the ordinances, laws, regulations, and by-laws of said city, are observed and executed, and for that purpose shall open his court every morning (Sundays and legal holidays excepted) and proceed to hear and dispose of, in a summary manner, all cases which shall be brought before him, by the police officers of the city or otherwise, either with or without process, for violations of the criminal laws of this

state, committed within the county of Hennepin, or of the ordinances, laws, regulations or by-laws of said city."

This includes preliminary examinations of persons arrested for felonies. When it is considered that the municipal court, on the criminal or quasi criminal side, is confronted with numerous petty cases which must be disposed of "in a summary manner," there seems good reason for holding the provisions of § 9221 inapplicable to the municipal court of Minneapolis. That court has now existed over 50 years without any attempt, until lately, to disqualify a judge from trying a pending matter for prejudice or bias. If there now be need of disqualifying a judge by a litigant or his attorney the remedy should be left to the legislature.

The writt is denied and the proceeding quashed.