STATE EX REL. JAY BURK v. IRVING W. BEAUDOIN.[1]

February 3, 1950.

No. 35,167.

[1]Reported in 40 N. W. (2d) 885.

*A. M. Joyce,* for relator.
*Irving W. Beaudoin, pro se.*

PER CURIAM.

By this proceeding in prohibition, relator seeks to restrain respondent from sitting as the acting judge of the municipal court of South St. Paul after the filing of an affidavit of prejudice upon the trial of relator for a misdemeanor. The questions raised by the proceeding are so simple that they appear from the answers given herein without stating them.

■ Prohibition is the proper remedy to restrain a judge from acting in a matter where he is disqualified by an affidavit of prejudice. Payne v. Lee, 222 Minn. 269, 24 N. W. (2d) 259; State ex rel. Olson v. Schultz, 200 Minn. 363, 274 N. W. 401.

■ There is no statute authorizing the disqualification of a judge of the municipal court of South St. Paul by the mere filing of an affidavit of prejudice. 27 M. S. A. p. 316, and §§ 488.01 to 488.30. The statute relative to disqualification of judges of the district court by the mere filing of an affidavit of prejudice (§ 542.16) by its terms applies only to district courts and has no application to municipal courts. State ex rel. Nichols v. Anderson, 207 Minn. 78, 289 N. W. 883.

■ Section 488.16, authorizing a change of venue from one municipal court having jurisdiction throughout the county to another, has no application to a prosecution for a violation of a city ordinance, as here, for the reason that the application of the statute is expressly limited to *civil* actions.

■ Relator's claim that respondent is not the duly qualified judge of the court will not be inquired into in a proceeding in prohibition. A proceeding in quo warranto by the state is the proper remedy. State ex rel. Derusha v. McMartin, 42 Minn. 30, 43 N. W. 572.

Writ discharged with costs to respondent.