STATE v. LEO KETTERER.[1]

March 4, 1955.

No. 36,584.

Johanson, Winter & Lundquist, for relator.
John C. Haave and R. M. Saltness, for respondent.

KNUTSON, JUSTICE.

The essential facts in this case may be briefly stated as follows:

On November 30, 1954, complaints were filed against defendant charging him with a violation of certain city ordinances. Defendant entered a plea of not guilty. Thereafter he filed an affidavit of prejudice against the Honorable B. J. Oyen. Judge Oyen thereupon set the trial of the case before the Honorable John W. Peterson, special municipal judge. Judge Peterson disqualified himself, whereupon Judge Oyen again assumed jurisdiction of the trial and now states that he intends to try the case unless he is restrained from doing so. It is his contention that under our decision in State ex rel. Burk v. Beaudoin, 230 Minn. 186, 40 N. W. (2d) 885, there is no statutory provision authorizing the disqualification of a judge of a municipal court by the filing of an affidavit of prejudice. We did so hold in

---

[1]Reported in 69 N. W. (2d) 115.

that case, and, if that decision is to stand, Judge Oyen is correct as far as the statutory law is concerned.

In several cases we have held that no judge should hear a case if a litigant has reason to believe that he is biased or prejudiced, even in the absence of a statute disqualifying him, where there is another judge who can hear the case. Payne v. Lee, 222 Minn. 269, 24 N. W. (2d) 259; Wiedemann v. Wiedemann, 228 Minn. 174, 36 N. W. (2d) 810; Jones v. Jones, 242 Minn. 251, 64 N. W. (2d) 508. What we said concerning a probate judge in Payne v. Lee, *supra,* and a district judge in the other cases applies equally as well to a judge of the municipal court. We need not reiterate what we said in those cases.

Aside from these nonstatutory reasons why a judge should not insist on hearing a case when one of the litigants has reason to believe he is biased or prejudiced, we deem it necessary to re-examine the statutory law on this subject.

Montevideo is a city of the fourth class. Its municipal court is established under the general law. 27 M. S. A. p. 315. Its practice and procedure is the same as in the district court except as otherwise provided in M. S. A. c. 488. § 488.16. See, also, 32 M. S. A. p. 208. Its criminal jurisdiction is coextensive with that of justices of the peace. § 488.09; State ex rel. Ryan v. Morical, 182 Minn. 368, 234 N. W. 453.

Section 531.11 provides for the disqualification of a justice of the peace by filing an affidavit of prejudice. M. S. A. 1949, § 542.16, enables a defendant in a criminal case to disqualify a district judge by filing an affidavit of prejudice.[2] Rule 63.03 of the District Court Rules of Civil Procedure, superseding the civil aspect of § 542.16, contains similar provisions with respect to civil actions, and Rule 63.03 of the Municipal Court Rules of Civil Procedure now contains almost identical provisions for municipal courts in civil actions. That the provisions for disqualifying a judge by the filing of an affidavit of prejudice is a matter of procedure seems patent from the inclusion of Rule 63.03 in both the district court and the munici-

[2]M. S. A. 1953 shows this section as having been superseded by the rules of civil procedure. That is true only as to civil actions. The statute still governs as to criminal actions.

pal court rules of civil procedure. Section 542.16 is listed also under the chapter of our statutes dealing with procedure. Being a matter of procedure, statutes applicable to district courts are applicable to municipal courts organized under the general law in the absence of any statement in the statute to the contrary; hence, § 542.16 applies in criminal cases to such municipal courts the same as it does in district courts. We can perceive of no legislative purpose in excluding a municipal court, organized under the general law, from the operation of this statute, and, in the absence of any legislative expression of an intention to so exclude such court, the rule in the district court applies.

State ex rel. Burk v. Beaudoin, 230 Minn. 186, 40 N. W. (2d) 885, is based on our decision in State ex rel. Nichols v. Anderson, 207 Minn. 78, 289 N. W. 883. That case involved the municipal court in Minneapolis, which was established under Sp. L. 1889, c. 34. Our decision rested upon two facts. The first was that, the law under which the court was established being older than the statute providing for disqualification of district judges by filing an affidavit of prejudice (L. 1895, c. 306), it could not have been intended that the later law should apply to the courts organized under the former law. The second reason apparently was that the municipal court, being confronted with many matters which must be disposed of in a summary matter, should not be subject to the law permitting disqualification of a judge by the filing of an affidavit of prejudice.

When we decided State ex rel. Burk v. Beaudoin, *supra,* we apparently followed the result reached in the Nichols case without considering whether the reasons assigned for that decision were applicable to the facts in the Burk case. In the Burk case, as here, the municipal court involved was established under the general law, which for all practical purposes had its inception in R. L. 1905. Consequently, the argument that the municipal court act preceded in time the act granting the right to disqualify a judge by filing an affidavit of prejudice had no application to the court then under consideration nor has it any application here.

Nor does there appear to have existed, historically, any legislative purpose in denying to a litigant a right to so disqualify a judge of

a municipal court for the reason that matters therein must be disposed of summarily. The municipal court of Stillwater was established under Sp. L. 1876, c. 200, an act older in point of time than the act under which the municipal court of the city of Minneapolis is established. The Stillwater court act contained the following provision (Sp. L. 1876, c. 200, § 23):

"* * * If on the return of the process or at any time before the trial commences in any action or proceeding, civil or criminal, either party, his agent or attorney, makes affidavit that the judge is a material witness in the case, or that from prejudice, bias or other cause, he believes said judge will not decide impartially in the matter, the said judge shall forthwith turn over the said cause with all the papers and records therein, to the said special judge, who shall thereafter act as judge in the case, with full powers as court."

This provision was altered slightly by Sp. L. 1878, c. 68, § 2, and again by Sp. L. 1881, c. 92, subc. 12, § 20. The Stillwater municipal court act as amended by the above acts also contained a provision for the summary disposition of cases. Sp. L. 1876, c. 200, § 10; Sp. L. 1881, c. 92, subc. 12, § 7. Consequently, there seems to be no historical legislative purpose in denying a litigant the right to disqualify a judge by filing an affidavit of prejudice in a court where matters must be summarily disposed of.

We are convinced that the case of State ex rel. Burk v. Beaudoin, *supra,* was incorrectly decided. As a result, we now expressly overrule it and hold that M. S. A. 1949, § 542.16, applies to municipal courts organized under the general law.

It might be said in passing that, in the event neither the elected judge nor the special judge of the municipal court is qualified to hear and try this case, provision is made for the appointment of a practicing attorney to act in the place of such judges by M. S. A. 488.05. We see no reason why the regular judge should insist on sitting in this case under these circumstances.

The writ is made absolute. There being a public question involved, no costs or disbursements are allowed. § 587.05.