### STATE v. JAMES E. BETSINGER.

176 N. W. (2d) 623.

April 17, 1970—No. 42426.

*Leighton, Meany & Cotter* and *Terence L. Meany,* for relator.

PER CURIAM.

This matter is before the court on an alternative writ of prohibition to enjoin the municipal court of the city of Austin from proceeding

---

further with a prosecution against petitioner for driving after the suspension of his driving privileges. The issue is whether an affidavit of prejudice against the trial judge was timely. We hold that it was.

Petitioner was arrested on January 14, 1970, and arraigned in the municipal court of the city of Austin on January 15, 1970, at which time he entered a plea of not guilty and trial was set for January 22. On January 19, an affidavit of prejudice was filed against the Honorable Fred R. Kraft. Judge Kraft refused to honor the affidavit and the matter proceeded to trial on January 30, when defendant was found guilty and fined $50. Petitioner thereupon secured from this court an alternative writ of prohibition restraining the municipal court from proceeding further with the prosecution.

The trial court construes Minn. St. 542.16 to require an affidavit of prejudice to be filed at least 5 days prior to the date set for trial, as in civil matters. Rule 63.03, Municipal Court Rules of Civil Procedure. However, § 542.16, made applicable to criminal procedings in municipal courts by § 488.17, provides in part as follows:

"* * * In criminal actions such affidavit shall be made and filed with such clerk by the defendant, or his attorney, not less than two days before the expiration of the time allowed him by law to prepare for trial and in any of such cases such presiding judge shall be incapacitated to try such cause."

We held in State v. Hoist, 111 Minn. 325, 126 N. W. 1090, that "the time allowed [defendant] by law to prepare for trial" is the period preceding the date set for trial.[1] In the instant case, the court having initially set the matter for trial on January 22, the affidavit of prejudice filed on January 19 was timely under § 542.16 because it was filed more than 2 days before the trial date. State v. Ketterer, 244 Minn. 127, 69 N. W. (2d) 115. Consequently, the court was without jurisdiction to proceed with the trial and the writ is therefore made absolute.

Writ made absolute.

---

[1] Under Minn. St. 630.36, the defendant, if he requires it, is entitled to 4 days to prepare for trial after his plea to an indictment.