**STATE of Minnesota, Respondent,**

v.

**James Robinson POOLE, Petitioner.**

**No. C5–91–85.**

Court of Appeals of Minnesota.

July 16, 1991.

Michael J. Dolan, Thornton, Hegg, Reif, Johnston & Dolan, Alexandria, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and CRIPPEN, J.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

This petition for a writ of prohibition seeks a writ restraining the trial judge from considering suppression motions on search warrants issued by the trial judge.

### FACTS

Petitioner Dr. James Poole is charged with multiple counts of criminal sexual conduct against several patients. The trial judge signed several search warrants in April and August 1990 authorizing searches of Dr. Poole's house and place of business. Another judge in the district signed one warrant for another search of Dr. Poole's residence.

Dr. Poole moved to suppress the evidence seized in these searches. He brought a motion, for consideration at the omnibus hearing, to have the trial judge removed from hearing those suppression motions relating to search warrants signed by that judge. The trial judge is the chief judge of the judicial district in which the case arises. The trial court denied the motion, and Dr. Poole petitioned for a writ of prohibition.

### DECISION

■ The removal of judges in criminal prosecutions, whether for cause or as a matter of right, is addressed in the recently-enacted Minn.R.Crim.P. 26.03, subd. 13(3)–(6). A request to disqualify a trial judge for cause is "heard and determined by the chief judge of the judicial district." Minn.R.Crim.P. 26.03, subd. 13(3). If the trial judge "is the subject of the request," as in this case, the request is heard by the assistant chief judge. *Id.*

■ Prohibition is the appropriate remedy when a motion to remove has been

Hubert H. Humphrey, III, Atty. Gen., Wm. F. Klumpp, Jr., Sp. Asst. Atty. Gen., St. Paul, for respondent.

denied. *State v. Cermak,* 350 N.W.2d 328, 331 (Minn.1984) (citation omitted). Respondent argues that a party whose motion to remove *for cause* has been denied should be required to seek discretionary review. However, although the defendant in *Cermak* did not seek removal for cause, its holding is not so limited. Additionally, the case *Cermak* cited did involve a removal for cause. *See State v. Ketterer,* 244 Minn. 127, 128, 69 N.W.2d 115, 116 (1955). Moreover, a party's right of removal upon a proper showing of cause is fundamental, making prohibition an appropriate remedy. *See id.* at 128, 69 N.W.2d at 116 (no trial judge should hear a case if a litigant has reason to believe he or she is biased); *Minneapolis Star & Tribune Co. v. Schumacher,* 392 N.W.2d 197, 208 (Minn.1986) (prohibition will lie where the trial court is about to exercise judicial power in a manner unauthorized by law). This principle applies even though the motion to remove is made before a judge other than the judge who is challenged.

■ Respondent also argues that Dr. Poole has waived the removal issue for purposes of prohibition by presenting it to the trial judge, rather than the judge designated in Rule 26.03, subd. 13(3), and by seeking only partial removal. A request to remove a judge for cause should be brought before the chief judge or other designated judge as provided in Rule 26.03, subd. 13(3). However, a party should not be discouraged from seeking to have the trial judge recuse himself or herself. *See* Minn.R.Crim.P. 26.03, subd. 13(5) (trial judge may recuse without motion). Because Dr. Poole may have proceeded in this manner and sought only partial removal, for reasons of judicial economy, we find no waiver of the issue.

■ In support of the petition, Dr. Poole cites no specific facts showing prejudice, and argues only for a blanket rule of disqualification of issuing magistrates. The issuance of a search warrant may appear differently in the light of comprehensive omnibus hearing testimony subject to cross-examination. Trial judges have reconsidered their own decisions approving search warrant applications. *State v. Velishek,* 410 N.W.2d 893, 896 (Minn.App. 1987); *State v. Anderson,* 415 N.W.2d 57, 61 (Minn.App.1987).

In any event, omnibus hearing judges must give great deference to the issuing magistrate's determination. *State v. Anderson,* 439 N.W.2d 422, 425 (Minn.App. 1989), *pet. for rev. denied* (Minn. June 21, 1989). Petitioner has not shown that an issuing magistrate's impartiality must reasonably be questioned or that he or she would be disqualified from acting as a juror. *See* Minn.R.Crim.P. 26.03, subd. 13(3), (4); Minn.Stat. § 542.16, subd. 2 (1990).

Petition for writ of prohibition denied.