**STATE of Minnesota, Respondent,**

v.

**Robert K. LAUGHLIN, Petitioner.**

**No. C2–93–1618.**

Court of Appeals of Minnesota.

Nov. 23, 1993.

Hubert H. Humphrey, III, Atty. Gen., Maria DeWolf, Asst. St. Paul City Atty., St. Paul, for State of Minnesota.

Paul J. Lukas, Nichols, Kaster & Anderson, Minneapolis, for Robert K. Laughlin.

Considered at Special Term and decided by ANDERSON, C.J., and KALITOWSKI and AMUNDSON, JJ.

## SPECIAL TERM OPINION

ANDERSON, Chief Judge.

Petitioner Robert Laughlin filed a notice to remove the judge assigned to his case for cause. The chief judge of the judicial district denied the notice. Laughlin petitioned for a writ of prohibition. We remand for reconsideration.

### FACTS

When Laughlin and his attorney appeared for trial in this criminal matter and learned the identity of the trial judge, Laughlin filed a notice to remove as a matter of right. The trial judge denied the notice because the trial judge had earlier presided over a hearing in

the case. Laughlin then asked the trial judge to recuse because of the events of a trial in which Laughlin's attorney had appeared before the trial judge. This request was denied.

Laughlin filed a notice to remove for cause, which was referred to the chief judge of the judicial district. Laughlin attached to the notice an affidavit relating the events of the prior trial, as well as the circumstances surrounding his attorney's appearances in this case and the trial judge's alleged reactions to them. Laughlin made no claim that the trial judge made an explicitly biased statement. The chief judge denied the notice to remove for cause. Laughlin petitioned for a writ of prohibition to prevent the trial judge from presiding.

## DECISION

■ Prohibition is the appropriate remedy to pursue when a motion or notice to remove for cause has been denied. *State v. Poole*, 472 N.W.2d 195, 196–97 (Minn.App.1991).

Removal of a judge for cause in a criminal proceeding was formerly governed by statute. *See* Minn.Stat. § 542.16, subd. 2 (1988). This statute, although still in effect, has been superseded in criminal proceedings by an amendment to the Rules of Criminal Procedure. *See* Minn.R.Crim.P. 26.03, subd. 13. (1992).

The statute requires a litigant seeking to disqualify a judge for cause to make "an affirmative showing of prejudice." Minn. Stat. § 542.16, subd. 2. The statute defines such a showing as "[a] showing that the judge might be excluded for bias from acting as a juror in the matter." *Id.* In contrast, the criminal procedure rule requires the litigant make an "affirmative showing of cause." Minn.R.Crim.P. 26.03, subd. 13(4). This rule defines "cause" to include any grounds for disqualification under the Code of Judicial Conduct. Minn.R.Crim.P. 26.03, subd. 13(3). The Code encourages a judge to disqualify

himself or herself where the judge's "impartiality might reasonably be questioned." Minn.Code Jud. Conduct Canon 3 C(1) (1992).[1]

In deciding Laughlin's notice to remove, the chief judge of the district court cited the rule, but applied the statutory standard. Thus, in effect the court required Laughlin to make an affirmative showing of prejudice. Laughlin contends that, pursuant to the rule, the trial judge should have been removed because he demonstrated the trial judge's impartiality might reasonably be questioned.

■ We must presume the supreme court in amending the criminal rules intended a change in the standard for removal. *See Shreve v. Department of Economic Sec.*, 283 N.W.2d 506, 508 (Minn.1979) (amendment to statute is usually intended to effect some change in existing law). Under the previous statutory standard, the removal of a judge for cause was analogous to the exercise of a challenge for cause against a prospective juror at voir dire. *See* Minn.Stat. § 542.16, subd. 2; *State v. Yeager*, 399 N.W.2d 648, 652 (Minn.App.1987) (statute relates judicial removal to removal of a juror for bias). A juror may be successfully challenged for cause if shown to have a "state of mind" which is biased or lacking in impartiality. Minn.R.Crim.P. 26.02, subd. 5(1)1 (1992).

A judge's state of mind cannot be explored by a litigant, as can a prospective juror's attitudes at voir dire. Therefore, in applying the former standard of "affirmative showing of prejudice," this court has required an actual statement by the challenged judge demonstrating bias. *See Yeager*, 399 N.W.2d at 652 (litigant failed to show prejudice by not demonstrating challenged judge made a derogatory remark); *cf. Nachtsheim v. Wartnick*, 411 N.W.2d 882, 890–91 (Minn.App.1987) (judge's statement that his general impression 12 years before trial was that prosecutors thought defendant was guilty does not establish bias where judge could no longer

---

1. The language added to the rule is taken from the Uniform Rules of Criminal Procedure. Minn.R.Crim.P. 26.03 cmt. The pertinent Uniform Rule, in turn, refers to the grounds for disqualification in the ABA Code of Judicial Conduct. Unif.R.Crim.P. 741(c), cmt., 10 U.L.A. 161–62 (Supp.1992). Both the Minnesota Rule and the Uniform Rule refer generally to the grounds for disqualification listed in the code, including the code language disqualifying a judge whose impartiality might reasonably be questioned.

remember facts of case), *pet. for rev. denied* (Minn. Oct. 28, 1987).

The rule, however, does not require a litigant to show actual bias; it only requires a litigant show a judge's impartiality might reasonably be questioned. Minn.Code Jud. Conduct Canon 3 C(1); *see generally Nachtsheim* at 891 (appearance of impartiality is not at issue under civil rule requiring "affirmative showing of prejudice"); *People v. Houston,* 179 Mich.App. 753, 446 N.W.2d 543, 545 (1989) (actual bias test is distinguishable from appearance of impartiality standard). Because the chief judge did not apply the rule's standard to Laughlin's notice to remove, we must remand this matter.

The standard set by the rule is also that used for a judge's voluntary recusal. Judges have been cautioned to be sensitive to the appearance of partiality and to voluntarily recuse if necessary "to assure that litigants have no cause to think their case is not being fairly judged." *McClelland v. McClelland,* 359 N.W.2d 7, 11 (Minn.1984); *see also Schack v. Schack,* 354 N.W.2d 871, 874–75 (Minn.App.1984) (the charge that a judge is biased must always be considered carefully). The current removal standard, by incorporating the "impartiality might reasonably be questioned" standard from the Code of Judicial Conduct, applies the ethical standard governing voluntary recusal to removal, which is mandatory. *See* Minn.Code Jud. Conduct Canon 3C(1); Minn.R.Crim.P. 26.03, subd. 13(3). Because the rule has modified the standard to require disqualification where there is an appearance of partiality, a court's inquiry must go beyond the challenged judge's statements and include an objective èxamination into the circumstances surrounding the removal request. But removal is warranted only where the judge's impartiality might "reasonably" be questioned; therefore, a judge should not accede to the notice or be removed simply because a litigant subjectively believes that the judge is biased.

We remand for an application of this standard to petitioner's motion to remove.

**Remanded.**