*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0203**

State of Minnesota,
Respondent,

vs.

Alton Dominique Finch,
Appellant.

**Filed September 15, 2014
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CR-13-4158

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Mark V. Griffin, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the revocation of his probation, arguing (1) the district court erred by denying his motion to remove for cause without referring the motion to the chief

judge of the district and (2) the need for confinement does not outweigh the policies favoring probation. We affirm.

## FACTS

On February 8, 2013, appellant Alton Finch was charged with second-degree assault. His case was assigned to a district court judge and he filed a notice to remove as of right pursuant to Minn. R. Crim. P. 26.03, subd. 14(4). The district court judge referred the motion to the chief judge, who denied the motion as untimely because the district court judge had already presided over a motion in the case. The chief judge then treated the motion as seeking removal for cause, and denied the motion because there had been no rulings in the case. Finch was convicted of second-degree assault following a stipulated-facts court trial. The district court granted a dispositional departure, imposing a stayed 36-month sentence.

As a condition of probation, Finch was ordered to serve 365 days in the Hennepin County Adult Corrections Facility (ACF). On August 19, 2013, he left the ACF on an approved medical furlough, and did not return or contact his probation officer regarding his whereabouts. A warrant was issued for his arrest. On September 2, Finch turned himself in to authorities, and told his probation officer that he had left Minnesota to go to Wisconsin for a family funeral. As a result of his actions, Finch was charged with and pleaded guilty to felony escape from custody. The day before his probation-violation hearing, Finch filed a motion to disqualify the district court judge on the grounds of bias and partiality. The district court judge denied the motion without referring it to the chief judge and found that Finch had violated his probation terms. After determining that the

need to confine Finch outweighs the policies favoring probation, the district court revoked Finch's probation, and executed his prison sentence. Finch appeals.

## DECISION

**I.   The district court did not err by declining to refer Finch's motion to remove for cause to the chief judge of the district.**

A motion to remove a judge for cause is governed by the rules of criminal procedure. *Hooper v. State*, 680 N.W.2d 89, 93 (Minn. 2004). Under the rules, "[a] judge must not preside at a trial or other proceeding if disqualified under the Code of Judicial Conduct." Minn. R. Crim. P. 26.03, subd. 14(3). A request to disqualify a district court judge for cause "must be heard and determined by the chief judge of the district." *Id.* The code requires a judge to "disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Minn. Code Jud. Conduct R. 2.11(A). The code defines "impartial" and "impartiality" as the "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." *State v. Pratt*, 813 N.W.2d 868, 876 (Minn. 2012) (quotation omitted). We review de novo whether a judge is disqualified from presiding over a case. *In re Jacobs*, 802 N.W.2d 748, 750 (Minn. 2011).

We initially note that Finch did not seek prohibition, which is the proper remedy for challenging the denial of a motion to remove a judge for cause. *See State v. Laughlin*, 508 N.W.2d 545, 547 (Minn. App. 1993) ("Prohibition is the appropriate remedy to pursue when a motion or notice to remove for cause has been denied." (citing *State v.*

3

*Poole*, 472 N.W.2d 195, 196-97 (Minn. App. 1991)); *see also* Minn. R. Civ. App. P. 121.01 (permitting an oral petition for writ of prohibition in an emergency situation); Minn. R. Crim. P. 28.01, subd. 2 (providing that the Minnesota Rules of Civil Appellate Procedure govern appellate procedure unless the rules of criminal procedure direct otherwise). But even if we overlook Finch's technical error, his argument fails on the merits for two reasons. *See State v. Pflepsen*, 590 N.W.2d 759, 764 (Minn. 1999) (stating that the court of appeals has authority to suspend technical requirements of the rules).

First, by presenting his motion to the district court judge he sought to remove, Finch waived his right to a hearing before the chief judge. We have recognized that, despite the clear directive of rule 26.03, a party is entitled to bring his disqualification motion before the judge who is the subject of the motion. *Poole*, 472 N.W.2d at 197 (holding that appellant who presented motion to remove for cause to district court judge he sought to remove had not waived his right to seek prohibition by bringing motion before challenged judge instead of chief judge). Finch chose to do just that. He directed his notice of motion and motion to the district court judge, requesting an order "by the Court, recusing herself from hearing this case." Finch also moved "[i]n the alternative" for an order "by the Court, directing the Chief Judge of the District Court to make a determination as to whether this Court should hear the above encaptioned case." By phrasing his relief in the alternative, Finch invited the district court to hear the motion. Moreover, he did not seek review by the chief judge between November 1, when the district court denied his motion, and November 6, when the probation-violation hearing concluded. On this record, we conclude that Finch waived his right to bring his removal

4

motion to the chief judge. *See State v. Matthews*, 779 N.W.2d 543, 553 (Minn. 2010) ("Failure to include all defenses, objections, issues, and requests in a motion constitutes a waiver." (quotation omitted)); *State v. Halseth*, 653 N.W.2d 782, 786 (Minn. App. 2002) (explaining that an attorney may waive certain nonfundamental rights, including decisions pertaining to the conduct of trial); *State v. Wells*, 638 N.W.2d 456, 461 (Minn. App. 2002) (holding defense counsel waived speedy trial requirement by agreeing to omnibus hearing date outside of time limit provided for in rules of criminal procedure), *review denied* (Minn. Mar. 19, 2002).

Second, Finch's motion to remove for cause fails on the merits. We determine whether a judge's impartiality may reasonably be questioned by objectively examining the relevant circumstances and considering "whether a reasonable examiner, with full knowledge of the facts and circumstances, would question the judge's impartiality." *Jacobs*, 802 N.W.2d at 752-53. Finch argues that the district court judge should have disqualified herself due to bias. He first points to the district court judge's request to hear his probation-violation hearing as indicative of a personal interest in the outcome of the case. We disagree. A judge's impartiality cannot be questioned because they presided over more than one aspect of a case. *See, e.g.*, *Poole*, 472 N.W.2d at 196-97 (holding no partiality based on the mere fact that a trial judge considering a suppression motion related to a search warrant is the same judge that issued the warrant). Hennepin County district court policies expressly permit sentencing judges to preside over probation-violation hearings at their request. That the district court judge both sentenced Finch and determined whether he violated his probation terms is not sufficient to show partiality or

5

bias. *See Hannon v. State*, 752 N.W.2d 518, 522 (Minn. 2008) (stating that adverse rulings do not, in and of themselves, demonstrate judicial bias).

Finch next asserts that the district court judge's statements at the probation-violation hearing, regarding the sentencing departure and the court's disappointment that Finch violated his probation, reflect bias. But the district court made these statements at the time it revoked Finch's probation. Because this argument was not presented to the district court in connection with the motion to remove, we will not consider it. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (declining to review an argument for the first time on appeal).

**II.     The district court did not abuse its discretion by revoking Finch's probation because clear and convincing evidence demonstrates that the need for confinement outweighs the policies favoring probation.**

A district court has broad discretion to determine whether there is sufficient evidence to revoke probation and will not be reversed absent an abuse of discretion. *State v. Ornelas*, 675 N.W.2d 74, 79 (Minn. 2004). The state has the burden of proving the offender violated his probation terms by clear and convincing evidence. Minn. R. Crim. P. 27.04, subd. 3.

Before revoking probation, the district court must "1) designate the specific condition or conditions that were violated; 2) find that the violation was intentional or inexcusable; and 3) find that need for confinement outweighs the policies favoring probation." *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980). In assessing the third factor, the district court must balance the offender's interest in remaining at liberty against the state's interest in rehabilitation and public safety, considering whether:

> (i) Confinement is necessary to protect the public from further criminal activity by the offender; or
> (ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
> (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*Id.* at 251.

Finch does not dispute that the first two *Austin* factors were satisfied, but argues that there is not clear and convincing evidence that the need for confinement outweighs the policies favoring probation. We are not persuaded. The district court found that Finch needs correctional treatment that can be most effectively provided in a confined setting and that it would unduly depreciate the seriousness of his violation if his probation were not revoked. In making these findings, the district court determined that Finch left ACF "under false pretenses," failed to communicate his desire to attend a funeral in Wisconsin to ACF representatives, did not contact his probation officer, and remained at large for approximately two weeks. The district court rejected Finch's testimony that he attempted to contact his lawyer and probation officer while he was in Wisconsin as not credible, and found that Finch falsely testified that he asked ACF staff for permission to attend the funeral. While Finch is correct that his probation officer recommended against revocation, the officer had never met Finch before the violation, and he testified that he could not express any opinion about whether Finch would benefit from incarceration or probation because of his limited exposure and time spent with Finch. The record amply supports the district court's findings that the need for confinement outweighs the policies favoring probation.

7

Finch characterizes the district court's decision to revoke his probation as a "reflexive reaction to an accumulation of technical violations." *See id.* at 251 (quotation omitted). But committing a new felony, leaving a court-ordered placement and the state without permission, and failing to maintain contact with probation officers are not mere technical violations. The transcript reflects that the district court considered the testimony of Finch, ACF staff, and the probation officer assigned to work with Finch after he completed his time at ACF. Because the district court considered all of the circumstances of Finch's violation and made the required findings, we conclude the court did not abuse its discretion by revoking Finch's probation.

**Affirmed.**