373 P.2d 533

STATE of New Mexico ex rel. Presciliano MIERA, Petitioner-Appellant,

v.

Rumaldo E. CHAVEZ, Police Magistrate in and for the City of Santa Fe, New Mexico, Respondent-Appellee.

No. 7114.

Supreme Court of New Mexico.
July 26, 1962.

M. P. Gutierrez, Santa Fe, for appellant.

Dean S. Zinn, Santa Fe, for appellee.

CARMODY, Justice.

The sole question is whether a police magistrate can be disqualified under a statute which provides for disqualification of justices of the peace.

Petitioner-appellant was charged with violations of certain ordinances of the city of Santa Fe, and filed an affidavit to the effect that Rumaldo E. Chavez, as police magistrate, could not, in the belief of affiant, preside over the case with impartiality. The affidavit was in a form as would comply with § 36-3-11, N.M.S.A. 1953, relating to the disqualification of justices of the peace. Judge Chavez refused to recognize the disqualification, and set the case for hearing. Petitioner thereupon sought

prohibition, and appeals from the denial thereof.

The constitution of New Mexico, art. VI, § 18, provides:

"No judge of any court nor justice of the peace shall, except by consent of all parties, sit in the trial of any cause in which either of the parties shall be related to him by affinity or consanguinity within the degree of first cousin, or in which he was counsel, or in the trial of which he presided in any inferior court, or in which he has an interest."

It is conceded that none of the constitutional grounds existed, nor were any set out in the affidavit. Therefore, it is purely a question of whether a police magistrate falls within the meaning of § 36–3–11, supra, which reads:

"Justice not to proceed after filing of affidavit of disqualification.—Whenever a party to any action or proceeding of any kind, civil or criminal, in the justice court shall make and file an affidavit that the justice before whom the action or proceeding is to be tried or heard cannot, according to the belief of the party to said cause making such affidavit, preside over said cause with impartiality, such justice shall proceed no further therein and all of said justice's acts thereafter in said cause shall be void."

The above statute was enacted by the legislature in 1941 (ch. 107, § 1, Sess. Laws of 1941), two years after the passage of ch. 230, Sess. Laws 1939 (§ 37–1–1, N.M.S.A. 1953), which created and established police courts in all incorporated cities and towns. The fact that the legislature, after creating the police courts, thereafter provided for disqualification of justices of the peace and not police magistrates, would seem to make it clear that the legislature did not intend to include police magistrates in the same category as justices of the peace. However, appellant urges that inasmuch as until 1961 justices of the peace and police magistrates had concurrent jurisdiction to try all prosecutions under municipal ordinances (see, ch. 39, § 20, Sess. Laws 1884, § 38–1–15, N.M.S.A. 1953, amended by ch. 169, § 10, Sess. Laws 1959, and repealed by ch. 208, § 11, Sess. Laws 1961), that therefore the two courts had the same limited jurisdiction under the constitution and are subject to disqualification in the same manner, even though not specifically mentioned in § 36–3–11, supra. Appellant also argues that because a justice of the peace may be elected or appointed a police magistrate and is authorized by law to serve as such temporarily, the right of disqualification exists under the statute.

We find the argument without merit. The disqualification of judges is a legislative matter. State ex rel. Hannah v. Armijo, 1933, 38 N.M. 73, 28 P.2d 511. The right of disqualification for claimed bias, if it is a right, is in derogation of the common law. See Frank, Disqualification of Judges, 56 Yale L.J. 605, 609: "The common law of disqualification, unlike the civil law, was clear and simple: a judge was disqualified for direct pecuniary interest and for nothing else." And at 611–612: "Judges [were] disqualified for financial interest. No other disqualifications were permitted, and bias, today the most controversial ground for disqualification, was rejected entirely." Frank cites Coke, Co. Litt. *141a, and Blackstone, 3 Bl.Comm. *361. See, also, State ex rel. Germain v. Second Judicial Dist. Ct., 1935, 56 Nev. 331, 51 P.2d 219, 102 A.L.R. 393; In re Davis' Estate, 1891, 11 Mont. 1, 27 P. 342; Conn v. Chadwick, 1880, 17 Fla. 428; German Insurance Co. v. Landram, 1889, 88 Ky. 433, 11 S.W. 367, 592.

Statutes in derogation of the common law must be strictly construed. See, Shaw v. Railroad Co., 1879, 101 U.S. 557, 25 L.Ed. 892, wherein this principle is recognized in the statement:

"No statute is to be construed as altering the common law, further than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express."

See, also, United States v. Richmond (D. Conn.1958), 178 F.Supp. 44, relating to strict construction of a statute having to do with disqualification of a federal judge. The courts will not add to such a statutory enactment, by judicial decision, words which were omitted by the legislature. Compare, Callwood v. Callwood (D.C., Virgin Islands, St. Thomas & St. John, 1954), 127 F.Supp. 179.

Since 1941, the legislature, in its biennial sessions, has frequently had occasion to consider the statutes with reference to justices of the peace and the statutes relating to police magistrates. At no time has the legislative body seen fit to encompass the police magistrate courts within the provisions of the liberal disqualification statute relating to justices of the peace. Actually, an examination of the various statutes shows that the legislature intended that the two courts occupy a completely different status, this even to the extent that by the provisions of ch. 208, Sess. Laws of 1961, in addition to repealing § 38–1–15 referred to hereinabove, also by § 5 of this chapter, amended the prior law allowing justices of the peace to be temporarily appointed in case of incapacity or absence of the municipal judge, by adding thereto the provision that *an attorney or* a justice of the peace could be so appointed.

It is of interest to note that the only other statute in New Mexico providing for the disqualification of a judge is § 21–5–8, N.M.S.A. 1953, which allows a party to disqualify a district judge upon the filing of the affidavit. Thus, the legislature has seen fit to provide by separate statutes for the disqualification of two types of judges only. There is no statutory provision allowing disqualification of any other judges in the state.

Appellant strongly relies on State v. Ketterer, 1955, 244 Minn. 127, 69 N.W.2d 115. However, without going into detail, let it suffice to say that the Minnesota procedural statutes applicable to the district courts are likewise applicable to the Minnesota municipal courts. Therefore, the Minnesota court held that the statutory provision authorizing the disqualification of a district judge applied equally to a municipal judge. Our procedural rules, either as to justices of the peace or district courts, are not made applicable to police magistrate courts. The Ketterer case has no application to the present situation and, as pointed out therein, the Minnesota court had previously held in State ex rel. Nichols v. Anderson, 1940, 207 Minn. 78, 289 N.W. 883, that where a municipal court had been established by statute prior to the passage of the disqualification law (as is true here), the later statute could not have been intended to apply to courts organized under the earlier law. In Nichols itself, the court said:

"That court [referring to the municipal court] has now existed over 50 years without any attempt, until lately, to disqualify a judge from trying a pending matter for prejudice or bias. If there now be need of disqualifying a judge by a litigant or his attorney the remedy should be left to the legislature."

We wish to make crystal clear that we are in no sense determining the application of the constitutional disqualification provision, but are only passing on appellant's claimed right to disqualify the police magistrate under the provisions of § 36–3–11, supra. Obviously, if the police judge is disqualified on any of the grounds set forth in art. VI, § 18, supra, he may not, except by consent of all the parties, preside at a trial.

From what has been said, we are of the opinion that Judge Chavez was correct in refusing to recognize the affidavit of disqualification, and that the attempt to disqualify him was of no force or effect.

The judgment of the district court will be affirmed. IT IS SO ORDERED.

COMPTON, C. J., and MOISE, J., concur.

CHAVEZ and NOBLE, JJ., not participating.