512 P.2d 1254

**Charles J. STEIN, Relator-Appellee,**

v.

**Small Claims Court Judge John B. SPEER,
Respondent-Appellant,**

and

**Texaco, Inc., Real Party in Interest.
No. 9670.**

Supreme Court of New Mexico.

July 13, 1973.

Rehearing Denied Aug. 13, 1973.

John B. Speer, Small Claims Court Judge, pro se.

Charles J. Stein, pro se.

## OPINION

STEPHENSON, Justice.

The issue here is whether Mr. Stein effectively disqualified the Honorable Nils T. Kjellstrom, Small Claims Court Judge and predecessor of Judge Speer.

Mr. Stein was sued on an account by Texaco, and attempted to disqualify Judge Kjellstrom by an "Affidavit of Disqualification" in which he said that he did "hereby disqualify Judge Nils T. Kjellstrom, Small Claims Court judge, from this case for the reason that I do not believe that Judge Kjellstrom can or will preside over this action or proceeding with impartiality."

Judge Kjellstrom promptly entered an order pursuant to which he "refuses to disqualify." Further proceedings, the nature of which are not now pertinent, were then had or threatened by Judge Kjellstrom and his successor in office, Judge Speer.

Mr. Stein then applied to the District Court of Bernalillo County for a writ of prohibition. An alternative writ was issued commanding Judge Speer to desist and refrain from further proceedings which, after diverse proceedings, was by order made permanent. Judge Speer has appealed.

Assuming, without deciding, that common law disqualification of judges can still be had in New Mexico notwithstanding constitutional and statutory provisions on the subject, it is clear that at common law a judge was disqualified for a direct pecuni-

ary interest and for nothing else. State v. Chavez, 70 N.M. 289, 373 P.2d 533 (1962). No common law grounds of disqualification are asserted in this case.

The New Mexico Constitution, art. VI, § 18 disqualifies judges from sitting in cases in which a party is related to him within certain degrees, or in which he was counsel, or in the trial of which he presided in an inferior court, or in which he has an interest. The affidavit here states no constitutional grounds for disqualification.

We observe that the affidavit does not even state or allege that the judge could not or would not preside over the case with impartiality. It merely stated that Mr. Stein did not believe that he could or would. The affidavit was in such form as might comply with § 21–5–8, N.M.S.A. 1953, which provides for disqualification of judges by filing an affidavit stating that the judge " * * * cannot, according to the belief of the party making the affidavit, preside over the action or proceeding with impartiality, * * * ". We are not concerned with whether it does or does not because that statute applies only to district judges. Cf. State v. Chavez, supra.

We are thus left solely with the question of whether or not Judge Kjellstrom, and hence his successor, was effectively disqualified under the provisions of § 16–5–7, N.M.S.A. 1953, which makes specific provisions for disqualification of judges of the small claims court. That statute provides:

"Whenever any small claims court judge shall, for any reason, be interested in any cause or disqualified from acting in any cause or proceedings coming under the jurisdiction of his court, he shall, upon his own motion or that of any interested party, forthwith enter an order transferring such proceeding or case to the district court having jurisdiction in that county * * *."

The language of § 16–5–7, supra, resembles that of an earlier statute relating to disqualification of probate judges, § 16–4–12, N.M.S.A.1953. The latter statute provides:

"Whenever the probate judge shall, for any reason, be interested or disqualified from acting in any proceeding coming within the jurisdiction of the probate court, he shall upon his own motion or that of any interested party, forthwith enter an order transferring such proceeding to the district court having jurisdiction in that county * * *."

The language of the two quoted statutes is so similar that no sensible distinction can be drawn between them so far as we are here concerned.

In In Re Estate of Tarlton, 84 N.M. 95, 500 P.2d 180 (1972) we had a question before us in respect to § 16–4–12, much like that presented here. In Tarlton, the appellant relied on § 16–4–12, claiming that the pleading there in question made the transfer of the case to district court mandatory, and that the probate court lacked jurisdiction to proceed. There, as here, the pleading in question made no " * * * allegations of interest or disqualification in the motion, nor did [he] tender any proof of such."

In Tarlton our ultimate holding was that § 16–4–12, supra, was a statutory declaration of art. VI, § 18 of the New Mexico Constitution, and that it was necessary to direct the court's attention to a specific constitutional ground for disqualification. We now extend that holding to § 16–5–7. We have already said that the affidavit in this case fell short of stating any constitutional grounds for disqualification.

Our ruling makes consideration of other matters argued by the parties unnecessary.

The case is reversed and remanded to the District Court of Bernalillo County with instructions to set aside the order appealed from, quash the writ of prohibition and dismiss Mr. Stein's application for writ of prohibition.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.