764 P.2d 142

**Margery W. FOUGHT, Personal Representative of Harlen D. Fought, Deceased, Plaintiff–Appellant,**

v.

**STATE of New Mexico, Defendant–Appellee.**

No. 10061.

Court of Appeals of New Mexico.

Oct. 11, 1988.

Anthony F. Avallone, Glenn B. Neumeyer, Law Systems of Las Cruces, P.A., Las Cruces, for plaintiff-appellant.

J. Duke Thornton, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

Plaintiff appeals the trial court's denial of her motion for postjudgment interest on a prior judgment obtained against the New Mexico State Highway Department (State) for the wrongful death of her husband. We discuss whether the trial court properly denied postjudgment interest against the State and affirm.

Plaintiff argues that the trial court erred in denying postjudgment interest on a judgment obtained against a governmental entity under the Tort Claims Act, NMSA 1978, Sections 41–4–1 to –27 (Repl.Pamp.1986). Specifically, plaintiff contends that, because Section 41–4–19 of the Act prohibits punitive damages and prejudgment interest and is silent as to postjudgment interest, the Act permits an award of postjudgment interest.

Section 41–4–19(B) provides: "No judgment against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act shall include an award for exemplary or punitive damages *or for interest prior to judgment.*" (Emphasis added.)

■ The fact that the act is silent as to postjudgment interest does not indicate that the legislature intended to permit recovery of postjudgment interest against the State. In construing statutes, this court will not read into a statute language which does not exist, particularly if the statute makes sense as written. *See Perez v. Health & Soc. Servs.*, 91 N.M. 334, 573 P.2d 689 (Ct.App.1977). Moreover, the Tort Claims Act must be strictly construed. *Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980). At the time the Tort Claims Act was enacted, statutory provisions for post-judgment interest referred to judgments based on contracts. *See* NMSA 1953, §§ 50–6–3 & –4. The legislature is presumed to have been aware of existing statutory and common law. *See Bettini v. City of Las Cruces*, 82 N.M. 633, 485 P.2d 967 (1971).

Plaintiff also argues that NMSA 1978, Section 56–8–4(D) (Repl.Pamp.1986) exempts the State and its political subdivisions from awards of postjudgment interest, except as provided by statute or common law. Section 56–8–4 provides, in part:

A. Interest shall be allowed on judgments and decrees for the payment of money from entry and shall be calculated at the rate of fifteen percent per year. . . .

. . . .

D. *The state and its political subdivisions are exempt from the provisions of this section except as otherwise provided by statute or common law.* [Emphasis added.]

Plaintiff contends that because the common law permitted postjudgment interest to accrue against the State, the State is not exempt under this provision. Plaintiff has pointed to no authority for the proposition that the common law permitted postjudgment interest to accrue against the State. In fact, at common law, judgments against any party did not bear interest. *See Pierce v. United States,* 255 U.S. 398, 41 S.Ct. 365, 65 L.Ed. 697 (1921); *Washington & Georgetown R.R. Co. v. Harmon's Adm'r,* 147 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284 (1893).

Moreover, interest, as a general rule, cannot be recovered in a suit against a state or the federal government. *See Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *Hyde v. Wellpinit School Dist. No. 49,* 32 Wash. App. 465, 648 P.2d 892 (1982). However, interest may be awarded when the legislature or Congress has, either expressly or by reasonable construction of a statute, consented to such award. *See* Annotation, *Recovery of Interest on Claim Against a Governmental Unit in Absence of Provision in Contract or Express Statutory Provision,* 24 A.L.R.2d 928 (1952); *see also Bradbury & Stamm Constr. Co. v. Bureau of Revenue,* 70 N.M. 226, 372 P.2d 808 (1962).

 Because any statute allowing interest against the state is in derogation of common law, it must be strictly construed. *See State ex rel. Miera v. Chavez,* 70 N.M. 289, 373 P.2d 533, 373 P.2d 533 (1962). There can be no liability for interest of any kind without specific statutory language subjecting the state to liability. *See generally City of Springfield v. Allphin,* 82 Ill.2d 571, 45 Ill.Dec. 916, 413 N.E.2d 394 (1980); *Brown v. State Highway Comm'n,* 206 Kan. 49, 476 P.2d 233 (1970); *Myers v. Department of Crime Control & Pub.*

*Safety,* 67 N.C.App. 553, 313 S.E.2d 276 (1984).

We interpret both the Tort Claims Act and Section 56–8–4(D) to deny an award of postjudgment interest on final judgments entered against the State. The decision of the trial court is affirmed.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.