772 P.2d 360

**Paul MONTNEY, Plaintiff–Appellant, Cross–Appellee,**

**v.**

**STATE of New Mexico, ex rel. STATE HIGHWAY DEPARTMENT, RISK MANAGEMENT DIVISION for the STATE of NEW MEXICO, Defendants–Appellees, Cross–Appellants.**

**No. 10628.**

Court of Appeals of New Mexico.

Jan. 10, 1989.

Certiorari Denied Feb. 15, 1989.

Frederick H. Sherman, Sherman and Sherman, P.C., Deming, for plaintiff-appellant, cross-appellee.

Wendell B. Lane, Campbell, Reeves, Chavez & Acosta, P.A., Las Cruces, for defendants-appellees, cross-appellants.

## OPINION

DONNELLY, Chief Judge.

Both the plaintiff and the State Highway Department, a self-insured through the Risk Management Division (state), pursue separate appeals from the trial court's judgment in this workers' compensation action. Plaintiff raises four issues on appeal: (1) whether the Public Employees' Retirement Board (PERA Board) is an indispensable or necessary party; (2) whether the trial court erred in ruling that workers' compensation benefits awarded to plaintiff may be offset by benefits paid to him under the State Public Employees Retirement Act; (3) whether equity bars allowance of a credit for PERA benefits; and (4) whether the trial court erred in denying an award of prejudgment interest. The state contends in its cross-appeal that (1) the court erred in determining that the exclusivity provisions of the Workers' Compensation Act did not prohibit plaintiff from receiving both workers' compensation benefits and PERA disability retirement benefits and (2) the court erred in ordering the state to furnish reasonable and necessary medical and psychological services to plaintiff. We affirm in part and reverse in part.

Plaintiff was employed as a mechanic and equipment operator. He sustained an on-the-job injury on September 20, 1985, when he jumped from a dump truck and severely injured his left knee. The injury to the left knee also placed additional stress on the right knee, causing pain. As a result of his injury plaintiff has undergone four separate knee operations. Plaintiff alleged that his injury has restricted his ability to walk, that the injury has caused pain and precipitated an ulcer, and that both the injury and resulting pain have

concomitantly caused severe anxiety and depression.

After trial on the merits the court adopted findings that the plaintiff is suffering from physical pain and depression, that he is presently temporarily totally disabled "due to a combination of his physical and psychological conditions," and that plaintiff is in need of psychiatric treatment and vocational rehabilitation services. The court also found that, as a result of his injury, plaintiff applied for and received a "duty disability retirement" from PERA entitling him to receive $450.07 gross monthly benefits from PERA for the remainder of his life unless, upon subsequent review, he is determined to be no longer disabled.

Based on its findings the court concluded that plaintiff was entitled to workers' compensation benefits in the amount of $208.60 per week for 600 weeks, that the duty disability retirement benefits provided under PERA and the workers' compensation benefits were of the same general character, and that the state is entitled to receive a credit of $450.07 per month for each month plaintiff "has received and will receive PERA disability retirement benefits."

## I.  PLAINTIFF'S APPEAL

### (A) *Issue as to Joinder*

Plaintiff contends that the PERA Board is an indispensable or necessary party in order for the trial court to determine whether the state is entitled to a deduction from or credit against workers' compensation benefits for PERA disability retirement benefits.

The judgment of the trial court, in addition to directing that the state receive a credit of $450.07 per month for each month plaintiff has received or will receive PERA disability benefits, also provided that the award to plaintiff "before applying credits for workers' compensation benefits and PERA benefits, totals $125,160.00 [and that a] credit of $12,768.36 is granted for workers' compensation benefits [plaintiff] has received * * *. A credit of $59,962.09 is granted for PERA Disability Retirement Benefits [he] has received and will receive

during the remainder of his 600–week award."

■ Under SCRA 1986, 1–019, a party is required to be joined in an action (1) if in his absence complete relief cannot be accorded among those who are already parties or (2) if he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may, as a practical matter, impair or impede his ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

■ Under the pleadings and the posture of this case, we determine that joinder of the PERA Board was permissive, not mandatory. The PERA Board computed and voluntarily authorized the payment of disability benefits to claimant under its act, and the trial court neither directed nor ordered the PERA Board to refrain from or take any action, nor did the court interpret or construe the PERA Act. Instead, the court's inquiry turned on an interpretation of the Workers' Compensation Act. Thus the board was not an indispensable or necessary party.

### (B) *Offset for PERA Benefits*

We jointly discuss plaintiff's second and third issues raised on appeal. Plaintiff argues that the district court erred in determining that the PERA and workers' compensation benefits received by him are of the same general character, thereby requiring the grant of a credit or offset. Prior to trial the state moved to dismiss plaintiff's workers' compensation claim, contending that the Workers' Compensation Act prevents a worker from recovering both compensation and other statutory benefits provided by the same employer and arising from the same accidental injury. The trial court denied the motion but granted a credit against workers' compensation benefits for the amount of PERA benefits received by plaintiff. We agree with plaintiff that a credit or offset was not appropriate, absent

a specific statutory provision for such credit or offset.

Other than excepting an award of compensation benefits made under the laws of another jurisdiction, the Workers' Compensation Act in effect at the time of plaintiff's disability was silent concerning the right of an employer to claim an offset or credit for other disability benefits furnished by the employer arising from the same injury and resulting disability. *See* NMSA 1978, § 52–1–65 (Repl.Pamp.1987).

In *Carter v. Mountain Bell*, 105 N.M. 17, 727 P.2d 956 (Ct.App.1986), this court, pursuant to the doctrine of fundamental fairness recognized in *Paternoster v. La Cuesta Cabinets, Inc.*, 101 N.M. 773, 689 P.2d 289 (Ct.App.1984), held that although the Workers' Compensation Act did not expressly allow credit against payments under employer benefit plans for workers' compensation benefits, that fact did not preclude allowance of credits, since benefits were in the nature of a contract and claimant's rights should be equally governed by them. In that case the private benefit plan precluded claimant from receiving both workers' compensation and the benefits under the plan. Such is not the case here. Thus, *Carter* is not controlling under the facts of this case. The holding in *Carter* is a limited one which recognized a right of credit against workers' compensation benefits "primarily based on the language of the plan itself." 105 N.M. at 23, 727 P.2d at 962. In the case before us, there is no requirement under either the Workers' Compensation Act or the PERA disability retirement plan for offsets or credits.

In *Mendez v. Southwest Community Health Services*, 104 N.M. 608, 725 P.2d 584 (Ct.App.1986), this court considered an issue analogous to the present case. The trial court in that case awarded workers' compensation benefits based on the scheduled injury section. The plaintiff in *Mendez* also received payment of unemployment compensation benefits resulting from his inability to work because of injuries resulting from the same accident. On appeal the employer argued that as a matter of law plaintiff's receipt of unemployment compensation benefits barred her right to receive workers' compensation benefits for total disability. Relying on *Winter v. Roberson Construction Co.*, 70 N.M. 187, 372 P.2d 381 (1962), the *Mendez* court rejected this contention, noting that the states which have precluded double recovery in such a situation have done so by statute and that the New Mexico legislature had not specifically adopted similar limiting legislation.[1]

In *Carter* we noted the difficulty of dealing with this issue because cases from other jurisdictions are, for the most part, based on specific statutes. As stated earlier, there is no statutory requirement directing offsets or credits under either the Workers' Compensation Act or the PERA disability plan. Thus cases relied on by the state, such as *Johnson v. City of Muskegon*, 61 Mich.App. 121, 232 N.W.2d 325 (1975), are distinguishable.

In the absence of statutory provisions designed to avoid double payments, some courts, as noted in *Carter*, 105 N.M. at 31, 727 P.2d 956, have dealt with the issue by looking at the underlying philosophy of the Workers' Compensation Act. For example, in *D.C. Transit System, Inc. v. Massey*, 260 F.Supp. 310, 312 (D.D.C.1966), the court said:

> It follows hence that to allow Workmen's Compensation over and above [a] pension, in effect, constitutes double payment. The situation would be entirely different if the workman received an income from an outside, unrelated source, whether by way of insurance maintained by himself or as gift or gratuity from someone.

This doctrine is developed and approved in the leading treatise on this

---

1. Following the decision in *Mendez* the legislature, by Laws 1987, Chapter 235, Section 28, enacted Section 52–1–70, providing in part that "[n]o total disability benefits shall be payable under the Workers' Compensation Act for any weeks in which the injured worker has received or is receiving unemployment compensation benefits, except as [otherwise] provided in this section."

subject, Larson's Workmen's Compensation Law, §§ 97 and 97.10, pp. 488 and 489:

"Once it is recognized that workmen's compensation is one unit in all over-all system of wage-loss protection, rather than something resembling a recovery in tort or on a private accident policy, the conclusion follows that duplication of benefits from different parts of the system should not ordinarily be allowed.

\*    \*    \*    \*    \*    \*

"Wage-loss legislation is designed to restore to the worker a portion, such as one-half to two-thirds, of wages lost due to the three major causes of wage loss: physical disability, economic unemployment, and old age. The crucial operative fact is that of wage loss; the cause of the wage loss merely dictates the category of legislation applicable. Now if a workman undergoes a period of wage loss due to all three conditions, it does not follow that he should receive three sets of benefits simultaneously and thereby recover more than his actual wage. He is experiencing only one wage loss and, in any logical system, should receive only one wage loss benefit. This conclusion is inevitable, once it is recognized that workmen's compensation, unemployment compensation, non-occupational sickness, and disability insurance, and old age and survivors' insurance are all part of a system based upon a common principle."

█ In accord with prior decisions of our supreme court and this court, we hold that where there is no statutory requirement for offset or credit or some other method to avoid overlapping or double payments, we will not do so by judicial construction. *See Segura v. Molycorp*, 97 N.M. 13, 636 P.2d 284 (1981) (upholding right of employee to privately contract with employer for benefits in addition to those provided by the Workers' Compensation Act); *Roybal v. County of Santa Fe*, 79 N.M. 99, 440 P.2d 291 (1968) (worker allowed to collect both salary and workers' compensation benefits without setoff); *Snead v. Adams Constr. Co.*, 72 N.M. 94, 380 P.2d 836

(1963) (allowing injured worker to recover veteran's disability and workers' compensation benefits without setoff); *Winter v. Roberson Constr. Co.* (upholding right of worker to recover both unemployment benefits and workers' compensation benefits); *Clemmer v. Carpenter*, 98 N.M. 302, 648 P.2d 341 (Ct.App.1982) (recognizing right of survivors of deceased worker to recover both workers' compensation benefits and federal military reserve benefits).

The Workers' Compensation Act, although expressly providing for credits for payment of unemployment compensation and for compensation benefits paid in other jurisdictions, makes no provision authorizing an offset for receipt of PERA benefits. *See* NMSA 1978, §§ 52–1–65 & –70 (Repl. Pamp.1987). Similarly, the PERA Act is also silent concerning any prohibition against the payment of PERA benefits where an injured state employee also demonstrates entitlement to workers' compensation benefits. Under the general rule of statutory construction it has been recognized that where the legislature adopts a statute restricting or limiting certain matters, the express mention of one thing imports a legislative intent not to include others in the restriction or limitation. *See Bettini v. City of Las Cruces*, 82 N.M. 633, 485 P.2d 967 (1971); *American Auto Ass'n, Inc. v. Bureau of Revenue*, 88 N.M. 148, 538 P.2d 420 (Ct.App.), *rev'd on other grounds*, 88 N.M. 462, 541 P.2d 967 (1975). Thus, where both statutes are silent on the subject, we discern no legislative intent to preclude recovery of benefits under both PERA and the Workers' Compensation Act.

### C. *Prejudgment Interest*

Plaintiff contends the trial court erred in refusing to award prejudgment interest on the award of workers' compensation benefits.

In *Sanchez v. Molycorp, Inc.*, 103 N.M. 148, 703 P.2d 925 (Ct.App.1985), this court construed the provisions of a general statute authorizing awards of prejudgment interest in civil cases, NMSA 1978, Section 56–8–4 (Repl.1986), in determining the ap-

plicability of such statute to workers' compensation proceedings. The court in *Sanchez*, although holding that Section 56–8–4 was not applicable in that case, left unresolved the issue of whether an award of prejudgment interest was otherwise proper in a workers' compensation action. Similarly, in *Lopez v. Smith's Management Corp.*, 106 N.M. 416, 744 P.2d 544 (Ct.App. 1986), this court denied a claim for prejudgment interest where the statute in effect at the time plaintiff's complaint was filed contained no provision authorizing an award of prejudgment interest.

■■■ As shown by the record plaintiff was employed by the New Mexico State Highway Department. By statute the state is a self-insurer for purposes of the Workers' Compensation Act. NMSA 1978, §§ 15–7–6 (Repl.1986); 52–1–3 (Repl.Pamp. 1987). Except as otherwise provided by law, under Section 56–8–4(D) the state and its political subdivisions are exempted from awards of interest on judgments. Plaintiff has cited no statute or common law exception in support of his contention and we have found none. Thus we interpret Section 56–8–4(D) as containing an express exemption for the state from awards of prejudgment interest in favor of an injured worker in a workers' compensation action. The trial court's denial of prejudgment interest was proper.

## II. THE CROSS–APPEAL
### (A) *Claim of Exclusivity*

The state argues on its cross-appeal that the trial court erred in refusing to find that the exclusivity provision contained in NMSA 1978, Sections 52–1–6, –8, and –9 (Repl.Pamp.1987), prohibits a worker from recovering both workers' compensation benefits and PERA disability retirement benefits from the state. In furtherance of this contention the state asserts that the language of Section 52–1–9 states that the remedy provided under the Workers' Compensation Act for accidental injuries sustained by employees in the course of their employment is "in lieu of any other liability whatsoever." The state also argues that allowance of both workers' compensation benefits and pension or disability benefits would allow a double recovery to an injured worker, contrary to public policy.

As observed in our discussion under point one herein, a majority of those jurisdictions disallowing recovery of workers' compensation benefits and payments under a state pension plan reach such result based on the existence of express statutory provisions denying the right to receive benefits under similar statutes. Thus, we conclude that the trial court properly applied the rule that, in the absence of a statutory restriction, a worker may properly contract with his employer for benefits in addition to those provided in the Workers' Compensation Act. *See Segura v. Molycorp.; Winter v. Roberson Constr. Co.; Mendez v. Southwest Community Health Servs.; see also* A. Larson, *The Law of Workmen's Compensation,* § 97.41(a) (1988).

### (B) *Proof of Causal Connection*

In its cross-appeal the state also challenges the sufficiency of the evidence underlying the trial court's findings and conclusion that the state should be required to furnish reasonable and necessary psychological services to plaintiff. Specifically, the state argues the court failed to find that plaintiff's knee injury was causally related to his mental depression.

■■ The trial court found that plaintiff sustained an accidental injury to his left knee on September 20, 1985, during the scope of his employment and that as "a natural and direct result of the accidental injury, [he] sustained a compensible [sic] claim within the ... meaning of the New Mexico Workmen's Compensation Act." The court also found that the injury to plaintiff's left knee has caused stress to be placed upon his right knee, thereby resulting in pain; that the right knee problems would be transient if plaintiff's left knee could be repaired to take back the load; but that the condition of his left knee is permanent and will only get worse. The court further found that "[a]s a reasonable medical probability, [plaintiff] is presently totally disabled due to a combination of his physical and psychological conditions [and

that] [h]is depression and aggravation have become so severe that he became suicidal." The court's findings also included a determination that "[t]wo psychiatrists, Dr. Curtis Speir and Dr. John Rennick, both diagnosed [plaintiff] as suffering from depression * * * [and that] [i]n Dr. Speir's opinion, most patients like [plaintiff] * * * will suffer from depression when they find themselves unable to do [the] type of work [they formerly performed]."

■ The above findings were sufficient to uphold the trial court's award of reasonable and necessary medical and psychological services to plaintiff. In challenging the sufficiency of the evidence to support the trial court's findings, the state argues that the court's order requiring medical and psychological services is not premised on an express finding of causation between plaintiff's injury and his condition of depression. Under NMSA 1978, Section 52-1-28 (Repl.Pamp.1987) a worker has the burden of proof to establish that an alleged disability is the result of a work-related accident and is causally connected to such accident as a reasonable medical probability. The failure of the court, however, to adopt an express finding on the issue of causation and plaintiff's mental condition does not require denial of an award of medical benefits for treatment of depression where other findings adopted by the court are sufficient to support the court's ultimate findings on this issue. *See McCleskey v. N.C. Ribble Co.*, 80 N.M. 345, 455 P.2d 849 (Ct.App.1969). Findings of fact are to be liberally construed in support of the trial court's judgment, and such findings are sufficient if a fair consideration of all of them justifies the judgment of the trial court. *State ex rel. Goodmans Office Furnishings, Inc. v. Page & Wirtz Constr. Co.*, 102 N.M. 22, 690 P.2d 1016 (1984).

The state's challenge to the sufficiency of the trial court's findings is without merit.

CONCLUSION

We affirm the award of workers' compensation benefits to plaintiff and the denial of an allowance of prejudgment interest against the state; that portion of the judg-ment allowing a credit for PERA benefits is reversed and the cause is remanded to the trial court for entry of an amended judgment consistent with this opinion. Plaintiff is entitled to attorney fees on appeal against the state in the amount of $1,500.

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.