857 P.2d 39

**Dorothy FOLZ, as Personal Representative of Sylvester C. Folz, Deceased, and Steven Folz, Deceased; Dorothy M. Folz, Individually; Thomas Tallant, a Minor, by and through his Guardian Ad Litem, Nettye T. Moten; Nettye T. Moten, Individually; and Rita Garcia, as Personal Representative of the Estate of Leo L. Garcia, Deceased, Plaintiffs–Appellants,**

v.

**STATE of New Mexico and New Mexico State Highway Department, an Agency, Defendants–Appellees.**

No. 12947.

Court of Appeals of New Mexico.

May 24, 1993.

Certiorari Denied July 7, 1993.

**640**

Louis Marjon, Law Offices of Louis Marjon, Albuquerque, James Cunningham, Phoenix, AZ, for plaintiffs-appellants.

William P. Gralow, Nickay B. Manning, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendants-appellees.

## OPINION

ALARID, Judge.

This appeal concerns the trial court's denial of Appellants' Motion to Assess Post–Judgment Interest. Appellants claim the statute governing the award of interest, NMSA 1978, Section 56–8–3 (Cum.Supp. 1982), in effect at the time these consolidated actions were filed, authorized recovery of interest on judgments at a rate of ten percent annually. The State of New Mexico and one of its agencies, the Highway Department (hereinafter "the State"), maintain that the trial court properly prohibited the award of post-judgment interest because New Mexico law precludes interest on judgments against the State. Under the limited facts of this case, we reverse the denial of post-judgment interest.

### BACKGROUND AND FACTS

Appellants and Appellants' decedents (hereinafter "Appellants") were injured and killed in automobile accidents on July 21, 1981, in the course of a New Mexico State Highway Department maintenance project. The facts surrounding this incident are fully set forth in *Folz v. State*, 110 N.M. 457, 797 P.2d 246 (1990). Following the accidents, Appellants brought tort actions against the State and the highway construction company which had contracted to resurface a mountainous portion of Highway 82 between Cloudcroft and Alamogordo. Complaints were filed in 1982 and in April of 1983. After a trial on the merits, a judgment was entered against the State and the highway construction company on October 12, 1984. Thereafter, all parties appealed various portions of the judgment. Subsequently, the New Mexico Supreme Court issued a writ of certiorari to the Court of Appeals and rendered its Opinion on August 8, 1990. *See id.* An Amended Judgment and Order was entered nunc pro tunc, effective October 12, 1984.

Following the Supreme Court decision, Appellants filed with the trial court a Release and Satisfaction pertaining to their claims and judgments against the highway construction company. Thereafter, Appellants filed a Motion to Assess Post–Judgment Interest against the State from the date of the entry of judgment, October 12, 1984. The trial court denied that Motion basing its ruling on *Fought v. State*, 107 N.M. 715, 764 P.2d 142 (Ct.App.1988) (wrongful death plaintiff not entitled to post-judgment interest on judgment obtained against State). The denial of post-judgment interest is the subject of this appeal.

### DISCUSSION

Appellants argue the trial court erred in denying post-judgment interest on their judgment obtained against the State under the Tort Claims Act, NMSA 1978, Sections 14–4–1 to –27 (Cum.Supp.1982) (hereinafter the "Tort Claims Act"). In particular, Appellants point to NMSA 1978, Section 41–4–19(B) (Repl.Pamp.1982), which informs us that "[n]o judgment against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act shall include an award for exemplary or punitive damages or for interest *prior to judgment.*" (Emphasis added). In addition, Appellants claim that NMSA 1978, Section 56–8–3 (Cum.Supp. 1982), which was in effect at the time these consolidated actions were filed in 1982 and 1983, authorized recovery of interest on judgments at a rate of ten percent annually. Appellants emphasize that the language in Section 56–8–3 provided in pertinent part:

> The rate of interest, in the absence of a written contract fixing a different rate, shall be ten percent annually in the following cases:

. . . .

 B. On judgments and decrees for the payment of money when no other rate is expressed;

. . . .

Thus, Appellants argue, post-judgment interest was not prohibited at the time these actions were initiated and therefore Appellants should be permitted to recover interest against the State.

However, the State argues that in 1983, the legislature amended Section 56–8–3 and completely deleted the language from this statute which authorized interest on judgments and decrees. After amendment, NMSA 1978, Section 56–8–3 (Repl.Pamp.1986) read:

 The rate of interest, in the absence of a written contract fixing a different rate, shall be not more than fifteen percent annually in the following cases:

 A. on money due by contract;

 B. on money received to the use of another and retained without the owner's consent expressed or implied; and

 C. on money due upon the settlement of matured accounts from the day the balance is ascertained.

Moreover, the State stresses that the 1983 Legislature rewrote and restructured NMSA 1978, Section 56–8–4 (Repl.Pamp.1986), so that it allowed interest on judgments generally, but exempted the State from its provisions except as otherwise provided by law. *See* § 56–8–4(A) ("Interest shall be allowed on judgments and decrees * * * * ") and 56–8–4(D) ("[t]he state and its political subdivisions are exempt from the provisions of this section except as otherwise provided by statute or common law."). Thus, the State counters that the intent of the legislature was to exempt the State from the award of interest on judgments and that Section 56–8–4(D) must be applied retroactively to preclude the imposition of post-judgment interest against the State. We disagree.

This Court has already recognized that when Section 56–8–4 was amended in 1983, it did not contain an emergency clause. *See Sanchez v. Molycorp, Inc.,* 103 N.M. 148, 154 n. 1, 703 P.2d 925, 931 n. 1 (Ct. App.1985). Therefore, as provided in New Mexico Constitution Article IV, Section 23, the amendment became effective ninety days following its enactment in the session ending March 19, 1983, and subsequent to the time Appellants filed their causes of action herein. *Id.* Nevertheless, the State contends that an award of post-judgment interest against it is prohibited because Section 56–8–4(D) is remedial legislation that should apply retroactively. *See Gray v. Armijo,* 70 N.M. 245, 248, 372 P.2d 821, 823–24 (1962) (contrasting procedural versus substantive rights). The State also contends that interest against the State is a privilege that the State can withdraw at any time and that the statute in effect at the time of the judgment controls. *See Bradbury & Stamm Constr. Co. v. Bureau of Revenue,* 70 N.M. 226, 238, 372 P.2d 808, 817 (1962).

■ We answer both contentions with reference to our understanding of the Tort Claims Act. Prior to the enactment of the Tort Claims Act, sovereign immunity was the rule, and the State was treated very differently than private parties. *See Hicks v. State,* 88 N.M. 588, 544 P.2d 1153 (1975). *Hicks* abolished sovereign immunity but allowed the legislature to reenact it. In reenacting an immunity scheme, the Tort Claims Act provides for numerous waivers of immunity, §§ 41–4–5 to –12 (immunity waived for certain activities), as well as certain particular procedures, § 41–4–16 (notice of claims), and certain limits, § 41–4–19(A) (upper limit on damages); and § 41–4–19(B) (prohibiting punitive damage and prejudgment interest). Apart from the express procedures and limits, however, the Tort Claims Act manifests an intent for the State to be treated just as a private party once immunity is waived.

■ If the State were a private party, it is clear that the law governing interest would be the law in effect at the time the suits were filed. The Supreme Court, in *Hillelson v. Republic Ins. Co.,* 96 N.M. 36, 37–38, 627 P.2d 878, 879–80 (1981), held that Article IV, Section 34 of the New Mexico Constitution (providing that no act

of the legislature shall affect the right or remedy of any party in any pending case) required that the statute governing interest would be the statute in effect at the time the case was filed. Although *Hillelson* distinguished *Bradbury*, we believe that the distinction does not apply to this case and neither does *Bradbury*. In this case, the State is not required to pay interest in its capacity as sovereign by special statute dealing with taxes; rather the State would be required or not be required to pay interest as a defendant in a tort action for which immunity has been waived.

Therefore, we do not believe that Section 56–8–4(D) bars Appellants from recovering interest against the State under the circumstances of this case because the present causes of action were pending prior to the effective date of Section 56–8–4(D). *See USLife Title Ins. Co. v. Romero*, 98 N.M. 699, 703, 652 P.2d 249, 253 (Ct.App.1982) (where a case is pending when an amended statute is enacted, the old statute applies to the case), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982).

 Post-judgment interest is intended to prevent the inequity of denying the prevailing party the cost of the lost opportunity of using the money that the judgment debtor had use of during the pendency of the appeal. *See Ulibarri v. Gee*, 107 N.M. 768, 769, 764 P.2d 1326, 1327 (1988). The law in existence at the time of the adoption of the Tort Claims Act permitted interest generally. However, when the Tort Claims Act was enacted in 1976, the statute expressly prohibited "interest prior to judgment." NMSA 1953, § 5–14–17(B) (Interim Supp.1976). This evinces a legislative intent to permit the award of interest following a judgment to the extent allowed in other cases. The legislature could have ended Section 41–4–19(B) after the word "interest." By negative inference, the failure to do so suggests post-judgment interest may be available. *Cf. Patterson v. Globe American Casualty Co.*, 101 N.M. 541, 544, 685 P.2d 396, 397 (Ct.App.1984).

Reading Section 41–4–19(B) to prohibit post-judgment interest both reads words that are not present in the statute ("prior to *and following* judgment") and assumes that other words ("prior to judgement") are useless. Both of these ways of reading the statute are prohibited. *Garrison v. Safeway Stores*, 102 N.M. 179, 692 P.2d 1328 (Ct.App.) (courts are prohibited from reading words into a statute), *cert. denied*, 102 N.M. 225, 693 P.2d 591 (1984); *State ex rel. Bird v. Apodaca*, 91 N.M. 279, 573 P.2d 213 (1977) (courts will not presume legislature enacted useless language).

In the present case, the trial court denied Appellants' Motion to Assess Post–Judgment Interest, based on an interpretation of the Tort Claims Act found in *Fought v. State*, 107 N.M. 715, 764 P.2d 142 (Ct.App. 1988). In *Fought*, the plaintiff moved for post-judgment interest on a judgment obtained against the State for the wrongful death of her husband under the Tort Claims Act. The plaintiff in *Fought* argued that Section 41–4–19(B) of the Act only prohibited the award of interest prior to judgments against the State. However, the *Fought* court announced that "[t]he fact that the [Tort Claims] act is silent as to postjudgment interest does not indicate that the legislature intended to permit recovery of postjudgment interest against the State." *Id.* While we agree with the result reached in that case, we disagree with two sentences used by that court to support its decision. We explain and take this opportunity to clarify *Fought*.

First, the *Fought* court announced that one of the reasons why post-judgment interest was being denied in that case was because "the Tort Claims Act must be strictly construed." *Id.* (citing *Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980)). However, we believe that statement was written in a different context and does not necessarily mandate the result prohibiting post-judgment interest against the State. In *Methola*, the Supreme Court actually stated that "[s]ince the [Tort Claims] Act is in derogation of petitioner's common law rights to sue respondents for negligence, the Act is to be strictly construed insofar as it modifies the common law." *Methola*, 95 N.M. at 333, 622 P.2d at

238 (citing *State v. Chavez*, 70 N.M. 289, 291, 373 P.2d 533, 534 (1962)). On the other hand, the Supreme Court has said that it consistently has given the Tort Claims Act a liberal construction to effectuate its remedial purposes. *Castillo v. County of Santa Fe*, 107 N.M. 204, 206, 755 P.2d 48, 50 (1988). These seemingly conflicting rules of statutory construction show that such rules should not be used as a substitute for reading the statutory language. Thus, we believe the sentence in question in *Methola* to mean that strict construction of the Tort Claims Act does not mandate a prohibition of payment of post-judgment interest, but requires a court to immunize the State from a party's avenues of redress no further than the words of the statute itself require.

Second, the *Fought* court rejected the plaintiff's attempt to recover post-judgment interest by reasoning that when "the Tort Claims Act was enacted, statutory provisions for post-judgment interest referred to judgments based on contracts." *Fought*, 107 N.M. at 715, 764 P.2d at 142. The *Fought* court cited NMSA 1953, Sections 50–6–3 & –4 as support for this statement. However, our reading of Section 50–6–3 (Repl.Vol. 8, pt. 1, 1962) suggests that this statute applied to all judgments and decrees. For example, we note that the Supreme Court had allowed interest in non-contract claims. *See Varney v. Taylor*, 81 N.M. 87, 88, 463 P.2d 511, 512 (1969). Moreover, we believe that the references to contracts in the statute simply clarified that a contract could always set a different rate of interest, which a judgment was to follow. *See Schultz & Lindsay Constr. Co. v. State*, 83 N.M. 534, 494 P.2d 612 (1972).

Because the plaintiff in *Fought* initiated her complaint against the State after the effective date of the statute which barred the State from having interest awarded against it, we believe the *Fought* court correctly prohibited that plaintiff from recovering post-judgment interest. However, to the extent that *Fought* held that post-judgment interest was prohibited in Tort Claims Act cases filed against the State prior to the effective date of Section 56–8–4(D), we overrule that decision. Nevertheless, as this Court recently reiterated, under the current statutory framework, except as otherwise provided by law, the State and its political subdivisions are exempted from awards of interest on judgments. *See* § 56–8–4(D); *Montney v. State ex rel. State Highway Dept.*, 108 N.M. 326, 331, 772 P.2d 360, 365 (Ct.App.), *cert. denied*, 108 N.M. 197, 769 P.2d 731 (1989).

**CONCLUSION**

Because we reverse on the grounds that the Tort Claims Act and the other applicable statutes, in effect at the time these causes of action were filed, permitted the award of post-judgment interest against the State, we need not address the constitutional or discovery issues raised by Appellants. For the reasons set out above, we hold that post-judgment interest may be awarded in Tort Claims Act cases against the State which were filed before the effective date of Section 56–8–4(D). We therefore reverse and remand this appeal to the trial court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

PICKARD, J., concurs.

HARTZ, J., Specially concurring.

HARTZ, Judge, Specially concurring.

I join fully in Judge Alarid's opinion for the Court.

I write separately only to suggest the demise of the construction given to Article IV, Section 34, of the New Mexico Constitution by *Bradbury & Stamm Construction Co. v. Bureau of Revenue*, 70 N.M. 226, 372 P.2d 808 (1962). The constitutional provision reads: "No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." *Bradbury & Stamm* held that the provision does not restrict the legislature's authority to reduce the interest rate paid by the state on tax refunds arising from pending cases

because "[t]he requirement that the state pay interest creates no right in the taxpayer, but only a privilege subject to being changed." *Id.* at 238, 372 P.2d at 817.

Thus, *Bradbury & Stamm* distinguished the state from private litigants with respect to the application of the constitutional provision. That distinction was not firmly rooted even in 1962; *Bradbury & Stamm* was a three-to-two decision. Today the roots are weak indeed. I suspect that most present readers of *Bradbury & Stamm* would find the dissent of Justice Moise to be much the more persuasive opinion. Particularly in light of the elimination of sovereign immunity for torts by *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975), any reason for distinguishing the state from other litigants is substantially undermined. Even before *Hicks* the New Mexico Supreme Court suggested its discomfort with *Bradbury & Stamm* by citing Justice Moise's dissent as authority in a per curiam opinion on rehearing in *State ex rel. Barela v. New Mexico State Board of Education*, 80 N.M. 220, 223, 453 P.2d 583, 586 (1969).

I do not read *Hillelson v. Republic Insurance Co.*, 96 N.M. 36, 627 P.2d 878 (1981) as reinvigorating *Bradbury & Stamm.* The opinion in *Hillelson* did not approve of *Bradbury & Stamm;* the opinion merely distinguished *Bradbury & Stamm* on the obvious ground that the case then before the Court involved claims between private parties. *Id.* at 38, 627 P.2d at 880.

Judge Alarid's opinion today properly limits *Bradbury & Stamm.* When the time comes, I am confident that *Bradbury & Stamm* will be overruled in its interpretation of Article IV; Section 34, of the New Mexico Constitution.