Thomas A. SMITH, Plaintiff-Appellee,

v.

The Honorable Alan Robert BECKMAN, County Court Judge of the Eighteenth Judicial District, Defendant-Appellant.

No. 84CA0161.

Colorado Court of Appeals, Div. IV.

April 26, 1984.

Rehearing Denied May 24, 1984.

Certiorari Denied July 9, 1984.

Peter Morgan, Littleton, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for defendant-appellant.

HODGES *, Justice.

This is an appeal from a judgment of the district court requiring County Judge Alan Robert Beckman to disqualify himself from presiding in the case involving Thomas A. Smith, who is charged with a misdemeanor. We affirm.

In 1982, when Judge Beckman was appointed to the position of Arapahoe County Judge, his wife, Andrea Beckman, was a deputy district attorney in Arapahoe County. Ms. Beckman is currently serving in the same position, and is assigned to the juvenile division, where she handles matters exclusively in the district court. Judge Beckman and Robert R. Gallagher, Jr., the District Attorney for Arapahoe County, have drafted guidelines designed to further insulate Ms. Beckman from all contact with any county court cases.

Judge Beckman was scheduled to preside at Smith's trial for driving under suspension, a misdemeanor. When Smith became aware that Judge Beckman was married to a deputy district attorney, he moved for the judge's disqualification, and submitted supporting affidavits. Smith relied on Crim.P. 21(b)(1)(I) and (IV) which provide that a

judge shall disqualify himself when he is "related ... to any attorney of record or attorney otherwise engaged in the case"; or "is in any way interested or prejudiced with respect to the case, the parties, or counsel." Judge Beckman denied the motion without a hearing or making any findings.

Smith then filed a complaint in district court pursuant to C.R.C.P. 106 requesting a writ prohibiting Judge Beckman from further presiding in the case. After a hearing, the district court granted the relief requested. In its "opinion and ruling," the district court referred to the *Code of Judicial Conduct*, Canons 2 and 3(C), which provide that a judge should avoid the appearance of impropriety and disqualify himself in any case in which his impartiality might reasonably be questioned. The district court found that pursuant to § 20-1-202, C.R.S. (1978 Repl.Vol. 8) the powers of a deputy district attorney are akin to that of a partner in a private law firm. Therefore, the district court held that in every case in which the Arapahoe County District Attorney has entered an appearance Ms. Beckman is an "attorney engaged in the case" within the meaning of Crim.P. 21(b)(1)(I), and thus Judge Beckman should have disqualified himself.

The issues presented on this appeal concern the correctness of the district court's finding that Ms. Beckman was an attorney engaged in the involved case, or absent that finding, whether the husband-wife relationship alone requires that Judge Beckman disqualify himself in the Smith case. While we find that Ms. Beckman was not an attorney engaged in the case within the meaning of Crim.P. 21(b)(1)(I), we nevertheless hold that the husband-wife relationship as set forth in the motion to disqualify required that the motion be granted.

This is a case of first impression in Colorado, and, insofar as our research indicates, this is the first time the precise issue presented here has reached the appellate

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

court level in any state. However, we are provided some guidance by several Colorado cases and by judicial interpretations of substantially similar rules, statutes and canons of other jurisdictions.

## I.

Generally, an attorney is said to be "engaged in the case" pursuant to Crim.P. 21 and similar rules when he has actually worked on the case in any capacity, or is in a position to gain or lose financially from its resolution. *See Potashnick v. Port City Construction Company*, 609 F.2d 1101 (5th Cir.1980). A partner in a law firm is said to be "engaged" in every case in which a member of his firm represents a party, primarily because he has a financial interest in the outcome of the case. *See SCA Services, Inc. v. Morgan*, 557 F.2d 110 (7th Cir.1977); *Weinberger v. Equifax, Inc.*, 557 F.2d 456 (5th Cir.1977). However, this rationale does not apply to a lawyer in government service, regardless of his powers and duties, because his compensation and clientele are set, and the prestige of the office as a whole is not greatly affected by the outcome of a particular case. For these reasons, a government attorney is only "engaged in the case" when he has worked on it directly. *See Laird v. Tatum*, 409 U.S. 824, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972) (Memorandum of Rehnquist, J. denying motion to recuse). We agree with this rationale and therefore hold that because Ms. Beckman was not an attorney engaged in Smith's case, Judge Beckman was not required to disqualify himself pursuant to Crim.P. 21(b)(1)(I).

## II.

Crim.P. 21(b)(3) provides that upon the filing of a motion and supporting affidavits showing grounds for disqualification, the judge must take as true the facts alleged and may not premise his decision either on further inquiry into the facts, or on any actual knowledge he might have with respect to his impartiality. *See People v. District Court*, 192 Colo. 503, 560 P.2d 828 (1977).

In determining whether the motion raises grounds for disqualification, a judge must consider not only the specific provisions of the statutes and rules of procedure cited, but also the Code of Judicial Conduct. *See Stephens v. Stephens*, 249 Ga. 700, 292 S.E.2d 689 (1982). The code is designed to assure not only that judges perform their duties in a manner that is, in fact, above reproach, but also they must conduct the affairs before their court in such a way as to enhance the respect of the judiciary in the eyes of the public. Therefore, the possibility that the facts alleged may give rise to the appearance of impropriety must always receive the highest consideration in ruling on a motion for disqualification. *See People v. Botham*, 629 P.2d 589 (Colo. 1981). It is of paramount importance that our judges meticulously avoid any appearance of partiality, not only to secure the confidence of litigants before their courts, but to retain public respect.

The circumstances here are such that an appearance of impropriety is created by the close nature of the marriage relationship. A husband and wife generally conduct their personal and financial affairs as a partnership. In addition to living together, a husband and wife are also perceived to share confidences regarding their personal lives and employment situations. Generally, the public views married people as "a couple," as "a partnership," and as participants in a relationship more intimate than any other kind of relationship between individuals. In our view the existence of a marriage relationship between a judge and a deputy district attorney in the same county is sufficient to establish grounds for disqualification, even though no other facts call into question the judge's impartiality. Therefore, we hold that Judge Beckman should have granted the motion and disqualified himself.

Judgment affirmed.

ENOCH, C.J., and SILVERSTEIN,* J., concur.