[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1209.]

IN RE DISQUALIFICATION OF MILLER.

CORUM 1986-1 PRIVATE DEVELOPMENT DRILLING PARTNERSHIP ET AL. *v.*

HOPCO RESOURCES, INC.

[Cite as *In re Disqualification of Miller*, 1997-Ohio-13.]

*Judges—Affidavit of disqualification—Disqualification not required where judge has "personal dating relationship" with a member of the same firm as counsel for the plaintiffs—Canon 3(C)(1)(d)(ii) not violated.*

(No. 97-AP-045—Decided April 14, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County

Court of Common Pleas case No. 96CVH-04-2688.

————————————

**MOYER, C.J.**

**{¶ 1}** This affidavit of disqualification was filed by John Keller, counsel for defendant, seeking the disqualification of Judge Nodine M. Miller from further proceedings in the above-captioned case.

**{¶ 2}** Affiant claims that Judge Miller should be disqualified from the pending case because she has a "personal dating relationship" with a member of the same law firm as counsel for the plaintiffs in the underlying case. Affiant asserts that this relationship requires Judge Miller's disqualification pursuant to Canon 3(C)(1)(d)(ii) of the Code of Judicial Conduct and because her impartiality in this case might reasonably be questioned.

**{¶ 3}** Canon 3(C)(1)(d)(ii) mandates a judge's disqualification from a pending case where a judge's spouse acts as a lawyer in a pending proceeding before that judge. In applying this provision, the Board of Commissioners on Grievances and Discipline, in Advisory Opinion No. 91-8, held that a judge's disqualification is not required where an attorney who practices law with the

judge's spouse appears before the judge. Regardless of the nature and extent of Judge Miller's relationship with an attorney who practices law in the plaintiffs' law firm, there is no indication that this attorney is serving as counsel in the underlying case. Accordingly, Judge Miller's disqualification is not warranted by Canon 3 of the Code of Judicial Conduct, and I cannot conclude, based on the affidavit filed by counsel for the defendant, that there exists a reasonable question regarding Judge Miller's impartiality in this matter.

{¶ 4} The affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Miller.

_____