Justice Breyer,
dissenting in No. 00-139.
I would note probable jurisdiction in this ease. 15 U. S. C. § 29(b). The case significantly affects an important sector of the economy — a sector characterized by rapid technological change. Speed in reaching a final decision may help create legal certainty. That certainty, in turn, may further the economic development of that sector so important to our Nation’s prosperity.
I recognize that there are competing considerations. A Court of Appeals proceeding would likely narrow, focus, and initially decide the legal issues now presented here. It would thereby facilitate any later deliberation in this Court. Nonetheless, I believe this Court can consider the issues fully now by taking additional briefs and by granting additional time for oral argument, if necessary. Consequently, I would hear the appeal.
Statement of Chief Justice Rehnquist.
Microsoft Corporation has retained the law firm of Goodwin, Procter & Hoar in Boston as local counsel in private antitrust litigation. My son James C. Rehnquist is a partner in that firm and is one of the attorneys working on those cases. I have therefore considered at length whether his representation requires me to disqualify myself on the Microsoft matters currently before this Court. I have reviewed the relevant legal authorities and consulted with my colleagues. I have decided that I ought not to disqualify myself from these cases.
Title 28 U. S. C. §455 sets forth the legal criteria for disqualification of federal magistrates, judges, and Supreme Court Justices. This statute is divided into two subsections, both of which are relevant to the present situation. Section 455(b) lists specific *1302 instances in which disqualification is required, including those instances where the child of a Justice “[i]s known ... to have an interest that could be substantially affected by the outcome of the proceeding.” §455(b)(5)(iii). As that provision has been interpreted in relevant case law, there is no reasonable basis to conclude that the interests of my son or his law firm will be substantially affected by the proceedings currently before the Supreme Court. It is my understanding that Microsoft has retained Goodwin, Procter & Hoar on an hourly basis at the firm's usual rates. Even assuming that my son’s nonpeeuniary interests are relevant under the statute, it would be unreasonable and speculative to conclude that the outcome of any Microsoft proceeding in this Court would have an impact on those interests when neither he nor his firm would have done any work on the matters here. Thus, I believe my continued participation is consistent with §455(b)(5)(iii).
Section 455(a) contains the more general declaration that a Justice “shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.” As this Court has stated, what matters under § 455(a) “is not the reality of bias or prejudice but its appearance.” Liteky v. United States, 510 U. S. 540, 548 (1994). This inquiry is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances. See ibid.; In re Drexel Burnham Lambert Inc., 861 F. 2d 1307, 1309 (CA2 1988). I have already explained that my son’s personal and financial concerns will not be affected by our disposition of the Supreme Court’s Microsoft matters. Therefore, I do not believe that a well-informed individual would conclude that an appearance of impropriety exists simply because my son represents, in another ease, a party that is also a party to litigation pending in this Court.
It is true that both my son’s representation and the matters before this Court relate to Microsoft’s potential antitrust liability. A decision by this Court as to Microsoft’s antitrust liability could have a significant effect on Microsoft’s exposure to antitrust suits in other courts. But, by virtue of this Court’s position atop the Federal Judiciary, the impact of many of our decisions is often quite broad. The fact that our disposition of the pending Microsoft litigation could potentially affect Microsoft’s exposure to antitrust liability in other litigation does not, to my mind, signifi *1303 cantly distinguish the present situation from other eases that this Court decides. Even our most unremarkable decision interpreting an obscure federal regulation might have a significant impact on the clients of our children who practice law. Giving such a broad sweep to § 455(a) seems contrary to the “reasonable person” standard which it embraces. I think that an objective observer, informed of these facts, would not conclude that my participation in the pending Microsoft matters gives rise to an appearance of partiality.
Finally, it is important to note the negative impact that the unnecessary disqualification of even one Justice may have upon our Court. Here — unlike the situation in a District Court or a Court of Appeals — there is no way to replace a recused Justice. Not only is the Court deprived of the participation of one of its nine Members, but the even number of those remaining creates a risk of affirmance of a lower court decision by an equally divided court.