IN RE DISQUALIFICATION OF CARR.

THE STATE OF OHIO *v.* ROSS.

[Cite as *In re Disqualification of Carr,* 105 Ohio St.3d 1233, 2004-Ohio-7357.]

(No. 04–AP–048—Decided June 21, 2004.)

MOYER, C.J.

{¶ 1} Attorneys Lawrence Whitney, Max Kravitz, and David Chesnoff filed an affidavit on May 3, 2004, with the Clerk of this court, under R.C. 2501.13, seeking

the disqualification of Judge Donna Carr from acting on any further proceedings in *State v. Ross*, case No. 21906, in the Court of Appeals for Summit County.

{¶ 2} Judge Carr responded to the affidavit, indicating that she had not been assigned to the three-judge panel designated to hear the appeal involving Denny Ross, and she therefore viewed the affidavit as moot. In light of that response, I entered judgment on May 24, 2004, dismissing the affidavit as moot.

{¶ 3} Judge Carr has now asked that I determine the merits of the affidavit, because, as the court's presiding judge, she is on the panel that will decide Ross's procedural motions, and because if oral argument in the case is rescheduled, she may be assigned to the three-judge panel that will hear the case. Judge Carr does not believe that she is biased or prejudiced and asks that I determine whether she may rule on any motions or on the merits of the appeal if assigned to do so.

{¶ 4} The case on appeal before the Ninth District Court of Appeals is a criminal case in which the defendant, Denny Ross, faces various felony charges in connection with the 1999 rape and murder of an 18–year–old Akron woman. Ross was tried on the charges before a jury in Summit County in 2000, but the trial judge declared a mistrial while the jury was deliberating. See *State v. Ross*, Summit App. No. 20980, 2002-Ohio-7317, 2002 WL 31890088.

{¶ 5} In February 2002, a new trial judge assigned to the case barred a retrial, citing the Double Jeopardy Clause. Id. at ¶ 13. The state appealed from that judgment. On the morning that oral argument was to be heard on that appeal, in July 2002, Judge Carr—who had been randomly assigned to hear the case—announced to counsel that she is married to an attorney who works in the Cuyahoga County Prosecuting Attorney's Office. Though the *Ross* case is pending in Summit County, the Cuyahoga County Prosecuting Attorney's Office is prosecuting the case because the Summit County Prosecuting Attorney voluntarily stepped aside in early 2001. Assistant prosecutors from the Cuyahoga County Prosecuting Attorney's Office have represented the state since that time.

{¶ 6} According to Judge Carr, she told the attorneys at the July 2002 oral argument that her husband had not played any role in the prosecution of the *Ross* case and that she believed that she could serve fairly and impartially as a member of the three-judge panel. No parties objected. Several months later, the panel ruled, by a vote of two to one, in favor of the state, and Judge Carr authored the majority opinion. *State v. Ross*, Summit App. No. 20980, 2002-Ohio-7317. The case was remanded to the trial court for further proceedings.

{¶ 7} Now, a year and a half later, the case is again before the court of appeals. Ross has not yet been retried, but the trial judge, in December 2003, ruled that the state could not pursue a rape charge against Ross, and the state has appealed from that judgment.

{¶ 8} The affidavit of disqualification filed by Ross's attorneys asks that Judge Carr be disqualified from serving on any further proceedings related to Ross in the court of appeals. According to the affidavit, Judge Carr exhibited bias during the 2002 appeal by waiting until the day of oral argument to tell the parties that her husband works in the Cuyahoga County Prosecuting Attorney's Office, and her participation in the latest appeal, the affiants claim, will create an appearance of impropriety.

{¶ 9} I find no basis for disqualification in this case. Judge Carr may therefore rule on any motions filed in connection with the *Ross* appeal and may rule on the merits of the appeal if she is assigned to do so.

{¶ 10} Staff Commentary to the 1997 amendments to Canon 3 of the Code of Judicial Conduct states that "[a] judge should timely disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification." 78 Ohio St.3d CLXXIX. Judge Carr indicated, in her response to the affidavit, that she had first learned that the Cuyahoga County Prosecuting Attorney's Office was handling the *Ross* case when she read the parties' briefs the day before the original oral argument in July 2002. Judge Carr alerted the parties to her husband's connection with that office the next day before oral argument began.

{¶ 11} Judge Carr's handling of the situation does not suggest any bias. She concluded, after consulting with the Board of Commissioners on Grievances and Discipline, that her husband's employment in the white-collar-crime division of the prosecuting attorney's office did not disqualify her from hearing the *Ross* appeal, but she nonetheless promptly alerted the attorneys.

{¶ 12} To be sure, as the affiants note, a judge should recuse herself whenever the judge's spouse is "acting as a lawyer in the proceeding." Code of Judicial Conduct, Canon 3(E)(1)(d)(ii). Judge Carr's husband, however, was not and is not prosecuting the *Ross* case, and, as the 1997 Staff Commentary to Canon 3(E)(1)(d) explains, "[t]he fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not of itself disqualify the judge." 78 Ohio St.3d CLXXX. Furthermore, "a judge's disqualification is not required where an attorney who practices law with the judge's spouse appears before the judge." *In re Disqualification of Miller* (1997), 81 Ohio St.3d 1209, 688 N.E.2d 514, citing Bd. of Commrs. on Grievances and Discipline Advisory Opinion No. 91–8.

{¶ 13} Typically, when one lawyer in a firm is disqualified from representing a client, the disqualification is imputed to all other attorneys in the firm. DR 5–105(D) ("If a lawyer is required to decline employment or to withdraw from employment * * *, no partner or associate of his or his firm may accept or

continue such employment"). Under that principle, affiants argue, the fact that Judge Carr's husband could not appear as a lawyer in her courtroom prevents any of her husband's colleagues from appearing before her as well and, therefore, Judge Carr must be disqualified.

{¶ 14} But DR 5–105(D) is directed at law-firm lawyers, because they share the firm's fees. When a law-firm lawyer must decline or withdraw from representing a client because of a conflict, his entire firm must typically do so as well because the financial ties among the partners and associates of the firm are intertwined.

{¶ 15} Relationships among lawyers in government agencies, however, are different. Salaried government attorneys simply " 'do[ ] not have the financial interest in the success of departmental representation that is inherent in private practice.' " *United States v. Caggiano* (C.A.6, 1981), 660 F.2d 184, 191, quoting American Bar Association Committee on Ethics and Professional Responsibility, Formal Opinion No. 342, 1975. As long as the government attorney whose conflict of interest prevents him or her from handling a particular matter is effectively screened from any participation in the case, other attorneys in the office can, in most circumstances, continue to handle the case.

{¶ 16} Numerous courts are in accord on the question. See, e.g., *Laird v. Tatum* (1972), 409 U.S. 824, 828, 93 S.Ct. 7, 34 L.Ed.2d 50 (then Justice Rehnquist denied a party's motion to recuse him from a case handled by his former colleagues in the United States Department of Justice, a case in which he had never participated as a government lawyer); *Caggiano*, 660 F.2d at 191 (entire federal prosecutor's office was not disqualified when one of its members had an alleged conflict of interest); *People v. Moffat* (1990), 202 Ill.App.3d 43, 56–57, 148 Ill.Dec. 50, 560 N.E.2d 352 (judge was not disqualified from presiding over a criminal case prosecuted by his son's colleagues); *State v. Logan* (1984), 236 Kan. 79, 85–88, 689 P.2d 778 (trial judge was not disqualified from presiding over a criminal case prosecuted by his son's colleagues); *People v. Dycus* (1976), 70 Mich.App. 734, 736, 246 N.W.2d 326 (judge was not disqualified from presiding over a criminal case prosecuted by his distant relative's colleagues); *State v. Harrell* (1996), 199 Wis.2d 654, 659–663, 546 N.W.2d 115 (judge was not required to disqualify himself from a criminal case prosecuted by his wife's colleagues).

{¶ 17} The affiant attorneys have cited one case—*Smith v. Beckman* (Colo. App.1984), 683 P.2d 1214—in which a court reached a contrary conclusion. The court in that case found that "the existence of a marriage relationship between a judge and a deputy district attorney in the same county is sufficient to establish grounds for disqualification, even though no other facts call into question the judge's impartiality." Id. at 1216. The weight of authority tilts clearly in the other direction, however, and I conclude that a reasonable person who knows all the facts would not find any appearance of impropriety—or any inherent bias or

prejudice—in cases such as this. Where a judge is married to a prosecutor whose office is representing the state in a case before him or her, disqualification of the judge is not required, as long as the judge's spouse has neither entered an appearance in the case nor participated in the preparation or presentation of the case.

{¶ 18} And just as I find no inherent bias or prejudice in the facts presented to me, I find no actual bias or prejudice reflected in anything that Judge Carr has said or done. "Litigants are entitled to an unbiased judge; not to a judge of their choosing." *In re Drexel Burnham Lambert, Inc.* (C.A.2, 1988), 861 F.2d 1307, 1312. Judge Carr has indicated that she feels no bias or prejudice against the defendant in this case, and she has expressed her intention to handle the case in a fair and impartial way if it is assigned to her. I find no basis for removing Judge Carr from the appeal at this point.

{¶ 19} For the reasons stated above, the affidavit of disqualification is denied. Judge Carr may rule on procedural motions and serve on the panel assigned to hear the appeal.