**In re William Allan JACOBS, Petitioner.**

**State of Minnesota, Respondent,**

**v.**

**William Allan Jacobs, Appellant.**

**No. A10–1400.**

Supreme Court of Minnesota.

Sept. 14, 2011.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, David C. Brown, Assistant County Attorney, Minneapolis, MN, for respondent.

Paul Engh, and Joseph S. Friedberg, Minneapolis, MN, for appellant.

## OPINION

MEYER, Justice.

William Allan Jacobs, charged with two counts of criminal sexual conduct, seeks removal for cause of the judge assigned to his case. Jacobs argues that cause for removal exists because the judge's spouse is an attorney with the county attorney's office that is prosecuting the case. The Fourth District Chief Judge denied Jacobs' motion to remove the judge, and the court of appeals denied a writ of prohibition. We affirm.

The State charged William Allan Jacobs with two counts of criminal sexual conduct, Minn.Stat. § 609.342 (2010). Jacobs peremptorily removed the first judge assigned to the case pursuant to Minn. R.Crim. P. 26.03, subd. 14(4), and the case was reassigned to the Honorable Daniel C. Moreno. Jacobs moved to remove Judge Moreno for cause. *See* Minn. R.Crim. P. 26.03, subd. 14(5). Jacobs based his motion on the fact that Judge Moreno had not disclosed that his spouse was at that time an Assistant Hennepin County Attorney. Jacobs did not claim that the judge's spouse had any personal involvement in the case, but argued that the spouse's role as an assistant county attorney in the county prosecuting the case created an appearance of partiality. The Fourth District Chief Judge denied the motion.

Jacobs filed for a writ of prohibition. *Cf. State v. Cermak*, 350 N.W.2d 328, 331 (Minn.1984) (noting that when a motion to remove has been denied, "the proper remedy ... is to seek a writ of prohibition"). The court of appeals denied the writ, holding that a spouse's position as an assistant county attorney in the public office that is prosecuting the case does not by itself create an appearance of partiality. *In re Jacobs*, 791 N.W.2d 300, 303 (Minn.App. 2010). We granted review.

▮ Whether a judge is disqualified from presiding over a case is a question of law, which we review de novo. *State v. Dorsey*, 701 N.W.2d 238, 246 (Minn.2005).

■ A motion to remove a judge is procedural and therefore governed by the Rules of Criminal Procedure. *See Hooper v. State,* 680 N.W.2d 89, 93 (Minn.2004). Under the rules, a party is entitled to a single peremptory removal, subject to certain procedural limitations, before the start of the trial or hearing. Minn. R.Crim. P. 26.03, subd. 14(4). A party who has already made such a removal may remove a subsequent judge only for cause. *Id.,* subd. 14(5). Cause for removal exists if the judge would be disqualified under the Code of Judicial Conduct. Minn. R.Crim. P. 26.03, subd. 14(3); *accord State v. Burrell,* 743 N.W.2d 596, 601 (Minn. 2008).

The Code of Judicial Conduct provides:

A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

(2) The judge knows that the judge, the judge's spouse, a person with whom the judge has an intimate relationship, a member of the judge's household, or a person within the third degree of relationship to any of them, or the spouse or person in an intimate relationship with such a person is:

(a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

(b) acting as a lawyer in the proceeding;

(c) a person who has more than a de minimis interest that could be

substantially affected by the proceeding; or

(d) likely to be a material witness in the proceeding.

Minn.Code of Judicial Conduct, Rule 2.11(A). Rule 2.11 lists two relevant specific circumstances in which a judge must disqualify himself or herself because of a spousal affiliation. First, the judge must disqualify himself or herself whenever the judge's spouse is "acting as a lawyer in the proceeding." Rule 2.11(A)(2)(b). Second, the judge must disqualify himself or herself if his or her spouse "has more than a de minimis interest that could be substantially affected by the proceeding." Rule 2.11(A)(2)(c). Even if neither of these situations applies, a judge must still recuse himself or herself if the "judge's impartiality might reasonably be questioned" for any other reason. Rule 2.11(A).

### I.

■ We first consider whether either of the two specifically listed circumstances applies in this case. The first circumstance under Rule 2.11(A)(2)(b) requires disqualification when a judge's spouse is "acting as a lawyer in the proceeding." Jacobs does not argue that the judge's spouse acted as a lawyer in this case, and nothing in the record suggests that the judge's spouse has had any involvement with the case.

The second specific circumstance, under Rule 2.11(A)(2)(c), requires a judge to disqualify himself if his spouse "has more than a de minimis interest that could be substantially affected by the proceeding." Jacobs concedes that in this case the judge's spouse has no financial interest in the proceeding. The record contains no evidence to suggest that the judge's spouse's compensation has any connection with the success of a case in which she is not involved or that her career success

would be affected by Judge Moreno's actions in this case.

■ Nor does the record suggest that the judge's spouse has a reputational interest in the outcome of the case. Any reputational interest in a case with which a prosecutor is not personally involved " 'is not enough to create [even] an appearance of partiality.' " *State v. Harrell,* 199 Wis.2d 654, 546 N.W.2d 115, 118 (1996) (alteration in original) (quoting *State v. Logan,* 236 Kan. 79, 689 P.2d 778, 785 (1984)). A prosecutor "is a minister of justice whose obligation is to guard the rights of the accused as well as to enforce the rights of the public." *State v. Cabrera,* 700 N.W.2d 469, 475 (Minn.2005) (quoting *State v. Salitros,* 499 N.W.2d 815, 817 (Minn.1993)) (internal quotation marks removed). The prosecutor's duty "to see that justice is done on behalf of both the victim and the defendant" overrides any individual or governmental interest in winning cases. *State v. Penkaty,* 708 N.W.2d 185, 196–97 (Minn.2006) (citing *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)). Thus, absent any personal involvement with the case, "the special characteristics of government attorneys make it unlikely that a judge's relationship with one would affect his or her impartiality." *Harrell,* 546 N.W.2d at 118.

We hold that because the judge's spouse has no personal involvement in the case and does not have more than a de minimis interest in the outcome of the case, neither Rule 2.11(A)(2)(b) nor Rule 2.11(A)(2)(c) requires Judge Moreno's disqualification.

## II.

■ We turn to the question of whether Judge Moreno is disqualified because his "impartiality might reasonably be questioned" for any reason. "[A] judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (5) apply." Rule 2.11, cmt. 1.

■ "The grounds for disqualification ... are stated broadly, leaving considerable room for interpretation in their application to any given set of circumstances." *Burrell,* 743 N.W.2d at 601. "The mere fact that a party declares a judge partial does not in itself generate a reasonable question as to the judge's impartiality." *Id.* at 601–02. Judges should avoid even the appearance of impropriety, but "a judge who feels able to preside fairly over the proceedings should not be required to step down upon allegations of a party which themselves may be unfair or which simply indicate dissatisfaction with the possible outcome of the litigation." *McClelland v. McClelland,* 359 N.W.2d 7, 11 (Minn.1984).

■ Whether a judge's impartiality may reasonably be questioned is determined by an "objective examination into the circumstances surrounding the removal request." *Powell v. Anderson,* 660 N.W.2d 107, 116 (Minn.2003) (quoting *State v. Laughlin,* 508 N.W.2d 545, 548 (Minn.App.1993)). Our standard for determining whether a judge must be disqualified is "whether an objective examination of the facts and circumstances would cause a *reasonable examiner* to question the judge's impartiality." *Burrell,* 743 N.W.2d at 601 (emphasis added).

■ The reasonable examiner must be fully informed of the facts and circumstances. In the federal courts, "[i]t is well established that the recusal inquiry must be 'made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts and circumstances.*' " *Cheney v. U.S. Dist. Court,* 541 U.S. 913, 924, 124 S.Ct. 1391, 158 L.Ed.2d 225 (2004)

(quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302, 121 S.Ct. 25, 147 L.Ed.2d 1048 (2000)). State courts also have held that the "reasonable examiner" contemplated by the standard is an objective, unbiased layperson with full knowledge of the facts and circumstances. *See, e.g., In re Wilkins*, 780 N.E.2d 842, 848 (Ind.2003); *Logan*, 689 P.2d at 784; *Petzold v. Kessler Homes, Inc.*, 303 S.W.3d 467, 473 (Ky.2010); *Blevens v. Town of Bow*, 146 N.H. 67, 767 A.2d 446, 449 (2001); *State v. McCabe*, 201 N.J. 34, 987 A.2d 567, 572 (2010); *Sherman v. State*, 128 Wash.2d 164, 905 P.2d 355, 378 (1995). "Like all legal issues, judges determine appearance of impropriety—not by considering what a straw poll of the only partly informed man-in-the-street would show—but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988). We agree, and hold that the appropriate standard for determining whether a judge must be disqualified due to an appearance of partiality is whether a reasonable examiner, with full knowledge of the facts and circumstances, would question the judge's impartiality.

We conclude that an objective examination of all the circumstances of this case would not lead a reasonable examiner with full knowledge of the facts and circumstances to question Judge Moreno's impartiality. The facts and circumstances show that the judge's spouse is an attorney with the Hennepin County Attorney's Office, a large organization that handles a high volume and wide variety of cases. She has had no personal involvement with the case and has no financial interest in its outcome. As an employee of the Hennepin County Attorney's Office, she does not receive any additional financial benefit based upon any district court ruling. Although Judge Moreno's spouse was once an appellate attorney in the Criminal Division of the Hennepin County Attorney's Office, it appears that she transferred out of that division and to other roles well before this case was filed.[1]

Jacobs cites *Smith v. Beckman*, 683 P.2d 1214 (Colo.App.1984), in support of his argument that an appearance of partiality is created when a judge's spouse is an attorney in the county attorney's office that is prosecuting a case even when the spouse is not personally involved in the case. In *Beckman*, the defendant sought a writ of prohibition to prevent a district court judge who was married to a deputy district attorney from presiding over a case in which the spouse was not personally involved. *Id.* at 1215. The court held that even though "no other facts call[ed] into question the judge's impartiality," the "close nature of the marriage relationship" meant that the judge should have disqualified himself to avoid the appearance of impropriety. *Id.* at 1216.

The vast weight of persuasive authority runs contrary to *Beckman*. *See, e.g., Sensley v. Albritton*, 385 F.3d 591, 600–01 (5th Cir.2004); *Logan*, 689 P.2d at 785; *Adair v. Dept. of Educ.*, 474 Mich. 1027, 709 N.W.2d 567, 575–76 (2006) (citing 22 cases in which a judge was not required to disqualify based on familial affiliations with law firms representing one of the parties); *In re Disqualification of Carr*, 105 Ohio St.3d 1233, 826 N.E.2d 294, 297 (2004); *Harrell*, 546 N.W.2d at 118. In *Carr*, for

---

1. Judge Moreno's spouse appeared as an appellate attorney in criminal matters through 2009, before this case was initiated, and in a civil appellate matter in 2010. The State asserts that the judge's spouse was in the Civil Division of the Hennepin County Attorney's Office at the time Jacobs was charged and is now in the Juvenile Division.

example, the court held that there was no basis to remove an appellate judge whose government attorney spouse did not participate in the case. *Carr,* 826 N.E.2d at 295–96. "As long as the government attorney whose conflict of interest prevents him or her from handling a particular matter is effectively screened from any participation in the case, other attorneys in the office can, in most circumstances, continue to handle the case." *Id.* at 296. These cases represent a consensus that a familial relationship between a judge and a prosecutor who is not involved with the case before the judge is not enough to create a reasonable question about the judge's impartiality.

An examination of the facts and circumstances must also take into account the expectation that judges will not allow familial relationships and other interests to affect their decision-making. A judge is required to "perform all duties of judicial office fairly and impartially" and "shall not permit family, social, political, financial, or other interests or relationships to influence the judge's judicial conduct or judgment." Minn.Code of Judicial Conduct, Rules 2.2, 2.4. Judges are therefore expected to "make decisions based solely on the merits of cases before them." *Dorsey,* 701 N.W.2d at 247. "Our judicial system presumes that judges are ... able to 'approach every aspect of each case with a neutral and objective disposition.'" *Id.* (quoting *Liteky v. United States,* 510 U.S. 540, 561–62, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (Kennedy, J., concurring)).

Jacobs argues that Judge Moreno must be disqualified from presiding over the case because if the judge's spouse worked for a private firm, that firm could not appear before Judge Moreno. We disagree. It is not necessarily the case that a judge must *always* disqualify himself when one of the parties is represented by a law firm with which the judge's spouse is associated. Minn.Code of Judicial Conduct, Rule 2.11, cmt. 4 ("The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not itself disqualify the judge."). We have not addressed, for example, whether a judge must disqualify himself when a firm with which the judge's spouse is affiliated appears before the judge pro bono. Some cases may require disqualification and others may not. Suffice it to say that the facts and circumstances of each case will determine the result.

Jacobs also argues that an appearance of partiality arose because Judge Moreno did not disclose that his spouse is an attorney in the county attorney's office. We do not agree that a judge is *required* to disclose the nature of his wife's employment to the parties. The comments to Rule 2.11 suggest that "[a] judge *should* disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification." Minn.Code of Judicial Conduct, Rule 2.11, cmt. 5 (emphasis added). But the use of the word "should" indicates that the comment is not mandatory. "Where a Rule contains a permissive term, such as 'may' or 'should,' the conduct being addressed is committed to the personal and professional discretion of the judge or candidate in question." Minn.Code of Judicial Conduct, Scope; *see also State v. Dahlin,* 753 N.W.2d 300, 306–07 (Minn.2008). The rule places a good deal of discretion with the judge to determine when additional information should be disclosed. A failure to disclose is not likely to create an appearance of partiality where, as here, the fact of his spouse's employment does not require disqualification. *Cf.* Minn.Code of Judicial Conduct, Rule 2.11, cmt. 4.

"Litigants are entitled to an unbiased judge; not to a judge of their choosing." *Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312. We conclude that a reasonable examiner, with full knowledge of the facts and circumstances in this case, would not question Judge Moreno's impartiality. We therefore hold that Judge Moreno was not required to disqualify himself from the case.

Affirmed.