**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38671**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 760 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 14, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL J. BREINHOLT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction for four counts of selling unregistered securities, affirmed.

Michael J. Breinholt, Meridian, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Michael J. Breinholt appeals from his judgment of conviction entered upon his guilty pleas to four counts of selling unregistered securities. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Upon being sued by the Idaho Department of Finance, Breinholt admitted to committing fraud under the Uniform Securities Act, I.C. § 30-14-501, and agreed to the entry of a judgment against him for five million dollars. After resolution of the civil case, a grand jury indicted Breinholt on eight counts of securities fraud, seven counts of selling unregistered securities, two counts of grand theft, and six sentencing enhancements for knowingly accepting money representing equity in a person's home in connection with committing securities fraud. Breinholt initially represented himself in this criminal case, but was later appointed counsel. Breinholt secured private counsel and, shortly thereafter, delivered a letter to counsel unequivocally firing

him. Breinholt's counsel moved to withdraw. The trial judge granted that motion and appointed the public defender's office to represent Breinholt as stand-by counsel. Breinholt made several pro se filings, including a document entitled "Motion in Limine to Dismiss Criminal Complaint." In that motion, Breinholt asserted the trial judge, who had also presided over the civil case, abused his discretion because the judge "should have disqualified himself to preside over the criminal court with the same defendant on related case allegations; that there exists a prejudicial or an appearance of bias in this case." At a subsequent hearing on both parties' outstanding pretrial motions, the state and Breinholt informed a substitute judge[1] that they had reached a resolution and Breinholt wished to plead guilty. Pursuant to a plea agreement, Breinholt entered *Alford*[2] pleas to four counts of selling unregistered securities, I.C. §§ 30-14-301 & 30-14-508, and the state dismissed the remaining charges. Breinholt secured new private counsel to represent him at the sentencing hearing. The trial judge withheld judgment, placed Breinholt on probation for twenty years, imposed 180 days of incarceration, and ordered that Breinholt pay $240,000 in restitution. Breinholt appeals.

## II.

## ANALYSIS

Breinholt argues that the trial judge should have been disqualified from presiding over this case. It is unclear whether Breinholt contends that the substitute judge should have construed his "Motion in Limine to Dismiss Criminal Complaint" as a motion to disqualify the trial judge for cause and granted that motion or whether Breinholt contends that the trial judge should have affirmatively recused himself.

Breinholt's "Motion in Limine to Dismiss Criminal Complaint" did not satisfy the requirements of a motion to disqualify a judge for cause pursuant to I.C.R. 25. Specifically, while I.C.R. 25(b)(4) allows for the disqualification of a judge who is biased or prejudiced for or against any party or that party's case in the action, I.C.R. 25(b)(c) requires that any such disqualification for cause be made by a motion to disqualify and accompanied by an affidavit of the party or that party's attorney stating distinctly the grounds upon which disqualification is

---

[1] Due to a scheduling conflict, a substitute judge presided over this hearing. The trial judge returned to preside over Breinholt's sentencing hearing.

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

based and the facts relied upon in support of the motion. In his "Motion in Limine to Dismiss Criminal Complaint," Breinholt did not reference I.C.R. 25 and did not file any affidavit in support of the motion. Therefore, Breinholt cannot show that the substitute judge erred by not construing his "Motion in Limine to Dismiss Criminal Complaint" as a motion to disqualify the trial judge for cause and not granting that motion.

Even if Breinholt could show that the substitute judge erred by declining to construe Breinholt's motion as a motion to disqualify and declining to grant that motion, Breinholt is precluded from challenging any such error because the doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). Here, during the hearing on Breinholt's "Motion in Limine to Dismiss Criminal Complaint," the substitute judge inquired of Breinholt whether he wanted to have the trial judge disqualified from the case. Breinholt replied that he would have to do some research to determine whether that was what he wanted. The substitute judge then informed Breinholt that, if he wanted to have the trial judge removed from the case, he would have to file a motion to disqualify the judge for cause prior to sentencing. Breinholt responded that he understood, but never filed any motion. Thus, Breinholt acquiesced in any error made by the substitute judge in declining to construe Breinholt's motion as a motion to disqualify the trial judge for cause and declining to grant that motion.

Although Breinholt did not file an appropriate motion to disqualify the trial judge for cause pursuant to I.C.R. 25, this Court will consider whether the judge should have affirmatively recused himself. The Code of Judicial Conduct, Canon 3(E)(1) & (a), provides that a judge shall disqualify himself or herself in a proceeding where the judge's impartiality might reasonably be questioned, including, but not limited to, instances where the judge has personal knowledge of disputed evidentiary facts that might reasonably affect the judge's impartiality in the proceedings. This appears to be the ground upon which Breinholt relies in his "Motion in Limine to Dismiss Criminal Complaint" and on appeal. Specifically, Breinholt argues that the trial judge should have affirmatively recused himself from this case because "it was obvious to

anyone that [the judge's] impartiality might reasonably be questioned due to him being the judge in the civil case." However, Breinholt does not assert, and there is no indication, that the trial judge had personal knowledge of disputed evidentiary facts.[3] Therefore, the only question we need to address is whether the trial judge placed himself in a position in which his impartiality might reasonably be questioned by sitting on this case. *See State v. Wood*, 132 Idaho 88, 95, 967 P.2d 702, 709 (1998).

Whether a judge's involvement in a case reaches a point where disqualification from further participation in a defendant's case becomes necessary is left to the sound discretion of the judge. *Sivak v. State*, 112 Idaho 197, 206, 731 P.2d 192, 201 (1986). A statement of former United States Supreme Court Chief Justice William Rehnquist is instructive as to how a judge might make a recusal decision. *See Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000). There, the Chief Justice was considering whether he should recuse himself in an appeal where his son was a partner in a firm representing a party in the appeal. Chief Justice Rehnquist considered 28 U.S.C. § 455, a federal statute that sets forth the legal criteria for the disqualification of federal judicial officers. Although the federal statute and its interpretation are not binding on this Court, the Idaho Supreme Court has determined that Chief Justice Rehnquist's statement is instructive because of the similar purpose and language in Canon 3 of the Idaho Code of Judicial Conduct and 28 U.S.C. § 455. *See Bradbury v. Idaho Judicial Council*, 149 Idaho 107, 114, 233 P.3d 38, 45 (2009). In *Microsoft Corp.*, Chief Justice Rehnquist stated:

> Section 455(a) contains the more general declaration that a Justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." As this Court has stated, what matters under § 455(a) "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, [1154,] 127 L. Ed. 2d 474 [,486] (1994). This inquiry is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.

*Microsoft Corp.*, 530 U.S. at 1302. Applying this standard to his situation, the Chief Justice declined to recuse himself, concluding that his participation in the case did not give rise to an appearance of partiality. *Id.* at 1303.

---

[3] Breinholt contends that the trial judge brought documents from the civil case into the criminal case. Nothing in our appellate record shows any such action.

4

Here, Breinholt has failed to present facts that a reasonable observer could consider in determining that affirmative recusal by the trial judge in this case was appropriate. Breinholt merely speculates that the trial judge lacked impartiality because he was the judge in the related civil case. Participation in prior related proceedings alone is not a reasonable basis for questioning a judge's impartiality. *See State v. Jones*, 146 Idaho 297, 300, 193 P.3d 457, 460 (Ct. App. 2008) (concluding that a court has previously dealt with the case does not automatically establish bias or prejudice). Thus, Breinholt has not shown that the trial judge abused his discretion by not affirmatively recusing himself from this case.

### III.

### CONCLUSION

Breinholt has not shown that the trial judge should have been disqualified or affirmatively recused himself from presiding over this case. Therefore, Breinholt's judgment of conviction entered upon his guilty pleas to four counts of selling unregistered securities is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**